### CITY OF DETROIT V. MUTUAL GAS COMPANY AND MUTUAL GASLIGHT COMPANY.

*Mortgage of franchises by corporation—Forfeiture of franchises for violation of charter.*

A corporation regularly organized under the laws of Michigan can mortgage or convey its rights, property and franchises acquired thereunder as though it were a private individual, subject only to the restrictions which the Legislature may have imposed; and it may do so whether the rights were conferred on the original incorporators, or on subsequent stockholders.

Corporate rights are granted to the corporation and not to the individuals interested therein; the stockholders may separately assign and transfer their stock, and apart from their rights the corporation can mortgage its property, rights and franchises.

On foreclosure sale of a mortgage of the property, rights and franchises of a corporation, the purchaser acquires the same rights and privileges as were held by the corporation and subject to the same terms and conditions, and he may transfer them to any other corporation capable of taking and exercising such franchises.

An ordinance authorizing a gas company to supply the city, declared that if it should enter into any combination with any company concerning rates, the ordinance should be void, and if it sold its property, franchises or privileges to any other gas company, it should forfeit its property.  The company mortgaged its property and afterwards made an arrangement with another company to divide the city between them.  On foreclosure of the mortgage the company's property, rights and franchises were bought in by an individual who transferred it to a new corporation.  On a bill to enjoin both companies from supplying the city, it was *held* that they could not be subjected to the forfeiture of the city's consent to supply gas, or of their property, as such a measure of damages was not recognized either at law or in equity, and the bill was accordingly dismissed.

Appeal from the Superior Court of Detroit.  Submitted April 6 and 7.  Deecided June 11.

INJUNCTION.  Bill dismissed.  Complainant appeals.

City Counselor *F. A. Baker* for complainant.  A corporation organized for the accommodation of the public and enjoying peculiar privileges granted by the Legislature, cannot alienate or mortgage its permanent property without legislative authority, *Richardson v. Sibley* 11 Allen 65; a gas company may execute a mortgage to accomplish the legitimate objects of its creation, *Hayes v. Gas Company* 29 Ohio St. 330; the consent of municipal authorities is in the nature of a license, *Maybury v. Mutual Gas Light Co.* 38 Mich. 154; and a license cannot be assigned, *The Maverick* 1. Sprague 23; *Morrill v. Mackman* 24 Mich. 279; *Mendenhall v. Klinck* 51 N. Y. 246; *Cowles v. Kidder* 24 N. H. 364; *Dark v. Johnston* 55 Penn.

St. 164; the privilege of using city streets for the objects of a gas company is an easement, *Prov. Gas Co. v. Thurber* 2 R. I. 15; but is not appurtenant to any estate or premises and is not assignable, 2 Cooley's Bl. 19, 22, 34, 35, n. 19; Washb. Easements 3, 11, 12; Woolrych on Ways 16; *Ackroyd v. Smith* 10 C. B. 188; *Garrison v. Rudd* 19 Ill. 558; *Spensley v. Valentine* 34 Wis. 154; *Tinicum Fishing Co. v. Carter* 61 Penn. St. 38; *Wagner v. Hanna* 38 Cal. 111; *Dennis v. Wilson* 107 Mass. 591; *Case of a Private Road* 1 Ash. 417; but easements in gross, consisting in a right of *profit a prendre*, such as taking soil from another's land, are assignable, *Post v. Pearsall* 22 Wend. 433; the right to take water, however, from a natural fountain, is a mere easement (*Manning v. Wasdale* 5 A. & E. 758; *Race v. Ward* 4 E. & B. 702; *Hill v. Lord* 48 Me. 99), but it is an interest in land (*Tyler v. Bennett* 5 A. & E. 377), and though granted and held in gross, may be assigned (*Goodrich v. Burbank* 12 Allen 459; *Owen v. Field* 102 Mass. 108) and annexed to or severed from the land by conveyance with or without it, *Lonsdale v. Moies* 21 L. Rep. 664; *French v. Morris* 101 Mass. 68.

*Meddaugh & Driggs* and *Ashley Pond* for defendants. Equity will not aid to enforce a forfeiture, *Crane v. Dwyer* 9 Mich. 350; *White v. Port Huron R. R.* 13 Mich. 356; *Fitzhugh v. Maxwell* 34 Mich. 138; nor restrain the violation of city ordinances, *St. Johns v. McFarlan* 33 Mich. 73; nor interfere where there is a remedy at law unless the injury is continuous, *Att'y Gen. v. Cambridge etc. Company* 4 Ch. App. Cas. 71: 3 DeG. M. & G. 304; injunction will not lie unless there is substantial injury requiring prompt redress, *Gilbert v. Showerman* 23 Mich. 452; a corporation, if not restrained by its charter, can mortgage its franchises, *Joy v. Jackson P. R. Co.* 11 Mich. 168; *Town v. Bank of River Raisin* 2 Doug. (Mich.) 548; *White Water Valley Co. v. Vallette* 21 How. 425; a prohibition of a sale of a whole is not violated by a sale of

a part, *Hasbrook v. Paddock* 1 Barb. 635; a provision in a city ordinance forfeiting the works of a corporation for a sale of its franchises is in excess of the powers· of the common council, and is void, *Grand Rapids v. Hughes* 15 Mich. 54; *Phillips v. Allen* 41 Penn. St. 481; *White v. Tallman* 2 Dutch. 67; power to impose any but money forfeitures is not given by the Detroit charter, *q. v.* p. 72.

MARSTON, C. J.    The defendants are corporations organized under the laws of this State.    In November, 1871, the complainant city, by ordinance, authorized the Mutual Gas-Light Company to lay pipes and mains in the streets and alleys of the city, upon the terms and conditions therein set forth, which ordinance was accepted, and gas works constructed near the city, pipes laid in the city, and the work of manufacturing and supplying gas regularly entered upon.    While so engaged the company mortgaged its property and franchises.    On the twenty-eighth day of June, 1877, it is alleged the company, contrary to the provisions of said ordinance, entered into a combination with the Detroit Gas-Light Company concerning rates to be charged for gas, and did sell its property, franchises and privileges to said company, by entering into a contract with said last named company to divide the city between them.    December 14, 1877, the common council of said city repealed the first named ordinance, and declared that said Mutual Gas-Light Company had forfeited to the city all its gas pipes and property in the city, and authorized the comptroller to assume and take possession thereof, all of which appears more fully from a copy of such ordinances and agreements appended in a note hereto.*    On the 15th of April, 1878,

---

* AN ORDINANCE

To permit certain persons to lay gas pipes, mains, conductors and service pipes in the streets, alleys, lanes, avenues, squares, parks and public grounds of the city of Detroit, to establish a manufactory of and to vend gas-light in the said city.

WHEREAS, David Preston, H. Moffat, T. K. Adams, Robert Hosie, J. F. Antisdel, Ransom Curtis, H. C.

under mortgage foreclosure proceedings, the property of said Mutual Gas-Light Company was sold by a master in chancery to Thompson Dean, and he about the same date conveyed the same to the Mutual Gas Company, and under this conveyance the last-named corporation claims to be entitled to enjoy the rights and privileges granted to the Mutual Gas-Light Company. The city at no time consented in any way to these mortgages, sales,

---

Hodges, Philip Thurber, E. Kanter, J. Heffron, H. Weber, A. Wilkins, Thompson Dean, John P. Kennedy and Wm. H. Fitch, Jr., their associates and successors, propose to organize as a body politic and corporate, under "An act to authorize the formation of Gas-Light Companies," approved February 12, 1855 (Laws of 1855, p. 243), and an act and acts amendatory thereto, for the purpose of building and operating gas-works in the city of Detroit, the said corporation to be known as "The Mutual Gas-Light Company" of the city of Detroit, therefore,

*It is hereby ordained by the Common Council of the City of Detroit:*

SECTION 1. That consent, permission and authority are hereby given, granted and duly vested in David Preston, H. Moffat, T. K. Adams, Robert Hosie, J. F. Antisdel, Ransom Curtis, H. C. Hodges, Philip Thurber, E. Kanter, J. Heffron, H. Weber, A. Wilkins, Thompson Dean, John P. Kennedy, Wm. H. Fitch, Jr., and their associates, their successors and assigns, organized into a corporation under the laws of the State of Michigan, as aforesaid, to lay gas pipes, mains, conductors and service pipes in any of the avenues, streets, lanes, highways, alleys, public parks or squares, throughout said city, subject, however, at all times to any and all restrictions and regulations imposed upon "The Detroit Gas-Light Company," and the following, to wit:

1. The said corporation shall do no permanent injury to any street, alley, avenue, square or park, or shade tree, nor in any manner disturb or interfere with any water pipe, sewer or gas pipe, now or hereafter laid by any authorized person or corporation, but when they shall open ground in the same to lay any pipe or for any other purpose whatever, they shall forthwith restore the streets, pavements, sidewalks, or ground, to a condition equally as good as before, and shall promptly comply with any order or resolution of the common council, or other proper authority in reference thereto.

2. The said corporation shall open or encumber no

agreements or conveyances; nor has it recognized said Mutual Gas Company. Some of the questions raised relate to the rights of the city under the facts, and the rights of the last-named company under the conveyance from Dean.

When a corporation is regularly organized under the laws of this State, and acquires rights, property and

---

more of any street, alley or public ground at any one time, or in any one place, than may be strictly necessary to enable them to proceed with advantage to the work of supplying private or public demand for gas-light; nor shall any street, avenue or alley be allowed to remain open or encumbered for a longer period than shall be necessary to execute the work for which the same shall have been opened.

3. The said corporation shall be liable to compensate the city of Detroit, and any individual owner or owners of property adjacent to the street or alley opened and injured by them, for all damages which may result from leaky pipes, or by reason of their having opened or encumbered any street, avenue, alley, sidewalks or public grounds in said city of Detroit. Said corporation shall at all times be subject to the city ordinances now in existence, or which may hereafter be passed relative to the keeping or storing within the city limits of naphtha, petroleum, or other inflammable substances, and shall also be subject to all ordinances relating to inspection of gas, gas-meters and nuisances, and shall be subject to all other ordinances of the city.

SEC. 2. In case the said corporation, within one year from the passage of this ordinance, shall not have built and completed gas-works in this city sufficiently extensive to enable it to manufacture gas to a reasonable amount, or if it shall at any time enter into any combination with any gas-light company concerning rates to be charged for gas, either to the city or private consumers, then the consent given by this ordinance shall cease, and this ordinance shall become null and void. And the said corporation is hereby expressly forbidden to sell its property, franchises or privileges, to any other gas-light company, under a penalty of a forfeiture to this city of its works, mains and other property; and an acceptance of this ordinance shall be deemed a consent by said corporation that the title of said property shall vest in the city at once in case of such sale.

SEC. 3. While there exists competition in the supply and sale of gas-light in the said city of Detroit, the said corporation shall have the privilege of supplying it at

franchises thereunder, such rights, property and franchises may be mortgaged or conveyed in the same manner as the property of an individual, subject only to such restrictions as the Legislature may have imposed; and it makes no difference to whom the rights conferred may have been granted, whether the persons named in the charter or subsequent stockholders, the rights granted are to the

---

such rates less than charged by the Detroit Gas-Light Company as may be agreed upon between it and consumers, public and private. Said corporation shall in no instance, nor under any circumstances whatever, charge either public or private consumers higher rates for the supply of light than an average of the rates charged such public and private consumers, and paid in the cities of Buffalo, Chicago, Cleveland, Toledo and Sandusky.

SEC. 4. It is further ordained that in all streets where the said corporation has not laid mains or conductors within two years from the passage of this ordinance, upon petition of at least two applicants or occupants of buildings on such streets for a supply of gas-light, averaging two buildings in every 200 feet of main pipe required to supply the same, the company shall, when directed by the common council, lay mains in such streets, the common council ordering therein the usual proportion of lamp-post service. And in case the company neglects to lay mains when directed by the common council, they shall be subject to the forfeiture contained in section 2.

SEC. 5. The said corporation shall supply gas-light under uniform and sufficient pressure between sunset and sunrise, and the quality of the same shall be as nearly uniform as practicable, averaging for each month not less than sixteen candles, to be determined by authorized photometrical tests.

SEC. 6. Within sixty days after the approval of this ordinance, the said grantees shall perfect their incorporation with the full sum of $500,000 of capital stock subscribed, and their articles of association shall be filed in accordance with the law in such cases made and provided; and the said corporation so formed shall execute good and acceptable bonds to the city of Detroit, in the sum of $100,000, conditioned to perform the obligations imposed upon it by section 2 of this ordinance, and all other conditions imposed upon it by this ordinance.

SEC. 7. This ordinance shall take effect at the expiration of sixty days from the date of its passage.

Approved November 28, 1871.

WILLIAM W. WHEATON, *Mayor.*

corporation and not the individuals interested therein. They, the stockholders, may separately assign and transfer their stock; others may take their places; so that while the corporation remains the same, yet the stockholders therein and the officers thereof may be wholly changed. What limitation, if any, can be placed upon this right of the stockholders we need not at present determine. Apart from the right of the stockholders, as already said, the corporation could mortgage its property,

---

AN ORDINANCE

To revoke and repeal the consent, permission, and authority granted by the common council of the city of Detroit to the "Mutual Gas-Light Company of Detroit," to lay gas pipes, mains, conductors and service pipes, in any of the avenues, streets, lanes, highways, alleys, public parks and squares throughout said city, and to declare a forfeiture to the city of Detroit of all the gas pipes, mains, conductors, service pipes, and all other property of the said company situated and being within the avenues, streets, lanes, highways, alleys, public parks and squares within the city of Detroit, and also all its other property situated within the limits of said city.

WHEREAS, In the year 1871, and for a long time prior thereto, there was only one company, to-wit, the Detroit Gas-Light Company, engaged in the manufacture and sale of gas-light in the city of Detroit; and,

WHEREAS, On the 15th day of September, 1871, David Preston, H. Moffat, T. K. Adams, Robert Hosie, J. F. Antisdel, Ransom Curtis, H. C. Hodges, Philip Thurber, E. Kanter, J. Heffron, H. Weber, A. Wilkins, Thompson Dean, John P. Kennedy, and William H. Fitch, Jr., presented a petition to the common council of the city of Detroit, stating therein that they and their associates and successors proposed to organize as a body corporate and politic under "An act to authorize the formation of gas-light companies," approved February 12, 1855, for the purpose of building and operating gas-works in the city of Detroit, the said corporation to be known as "The Mutual Gas-Light Company" of the City of Detroit, and praying, in said petition, for permission to lay pipes in the streets, alleys and public grounds of the city of Detroit, for the purpose of supplying the city and citizens with gas; and

WHEREAS, The common council, under and by virtue of the power in them vested by the statute above referred to, did grant the permission prayed for by said petitioners, by the following ordinance, viz.:

[Here follows a copy of the foregoing ordinance.]

AND WHEREAS, The persons named in said ordinance,

43 MICH.—76.

rights and franchises, and it follows therefrom, in order to render valuable such security, that such mortgage could be foreclosed, and the rights and property mortgaged thereby acquired by others. And if by an individual, he could convey what he had thus acquired to some other corporation, capable of taking and exercising such rights, franchises and privileges. It would now seem that these positions are no longer open to question. Their recognition is necessary to the protection of the rights of

their associates and successors, did under said statute, and within sixty days after the approval of said ordinance, organize a body corporate and politic, with the sum of $500,000 of capital stock subscribed, and designated and known as "The Mutual Gas-Light Company of Detroit," as more fully appears by their articles of association, filed and recorded in the office of the register of deeds for the county of Wayne, on the 20th day of December, 1871, and to which record now remaining in said office reference is hereby made; and,

WHEREAS, The said corporation so formed, within sixty days after the approval of said ordinance, did execute and deliver a bond to the city of Detroit in the sum of $100,-000, and which said bond, together with the certificate therein referred to, is in the words and figures following, to-wit:

Know all men by these presents, that the Mutual Gas-Light Company of Detroit, in the county of Wayne and State of Michigan, as principal, and Thompson Dean and John P. Kennedy, both of the city, county and State of New York, and William H. Fitch, Jr., E. W. Meddaugh and Luther Beecher, of said city of Detroit, in the State of Michigan, as sureties, are held and firmly bound unto the said city of Detroit in the just and full sum of $100,000, lawful money of the United States, to be paid to the said city of Detroit, its successors (or assigns), to which payment well and truly to be made the said Mutual Gas-Light Company of Detroit does hereby bind itself and its successors, and the said Thompson Dean, John P. Kennedy, William H. Fitch, Jr., E. W. Meddaugh and Luther Beecher do hereby bind themselves, their heirs, administrators and executors, firmly by these presents.

In testimony whereof, the said Mutual Gas-Light Company of Detroit has caused this instrument to be signed by its president and duly authorized executive agent, and has caused its corporate seal to be hereunto affixed, and the said sureties have also signed and sealed the same, on this twenty-third day of January, A. D. 1872.

The condition of the foregoing instrument is such that whereas the common council of the said city of Detroit, on the 24th day of November, A. D. 1871, passed an ordinance entitled "An ordinance to permit certain persons to lay gas pipes, mains, conductors and service pipes in the streets, alleys, lanes, avenues, squares, parks and public grounds of the city of Detroit, to establish a manufactory of and to vend gas-light in said city, which said

stockholders, and of parties dealing with the corporation. The right of a corporation to mortgage its property and franchises,—a right we might say now almost if not universally conceded,—carries with it the usual and customary legal and equitable rights pertaining to mortgages.

If because of such mortgage, foreclosure, sale and

ordinance was, on the 28th day of November, duly approved by the mayor of said city; and whereas, among other things it was provided in and by said ordinance, by section two thereof, as follows: "Sec. 2. In case the said corporation within one year from the passage of this ordinance shall not have built and completed gas works in the city sufficiently extensive to enable it to manufacture gas to a reasonable amount, or if at any time it shall enter into any combination with any gas-light company concerning rates to be charged for gas either to the city or private consumers, then the consent given by this ordinance shall cease, and this ordinance shall become null and void, and the said corporation is hereby expressly forbidden to sell its property, franchises or privileges to any other gas-light company under the penalty of a forfeiture to this city of its works, mains and other property, and an acceptance of this ordinance shall be deemed a consent by said corporation that the title to said property shall vest in the city at once in case of such sale;" and whereas, it was also provided in said ordinance that within sixty days after the approval thereof, the said grantees therein named should perfect their incorporation, with the full sum of $500,000 of capital stock subscribed, and their articles of association should be filed in accordance with the law in such cases made and provided; and the said corporation so formed should execute a good and acceptable bond to the city of Detroit in the sum of $100,000, conditioned to perform the obligations imposed upon it by section 2 of said ordinance, and all other conditions imposed upon it by said ordinance; and whereas, the grantees named in said ordinance and their associates have perfected their said incorporation with the full sum of $500,000 of capital stock subscribed, and have organized as a body politic and corporate, under and by the name of the Mutual Gas-Light Company of Detroit, and have caused their articles of association to be filed as required by law in the offices of the Secretary of State and the Wayne county clerk, and to be recorded in the office of register of deeds for Wayne county (certificates of which said filing and record are hereto attached); Now, therefore, the condition of this obligation is such, that if the above bounden Mutual Gas-Light Company of Detroit shall perform the obligations imposed upon it by said section 2 of said ordinance, and all other conditions imposed upon it by said ordinance, then this obligation to be void, otherwise to be and remain in full force and virtue.

Signed, sealed and delivered in presence of
WILLIAM C. LUSK and
CHARLES NETTLETON,
As to Dean and J. P. Kennedy.

| | |
|---|---|
| WM. H. FITCH, JR., | [L. S.] |
| *President Mutual Gas-Light Company.* | |
| MUTUAL GAS-LIGHT COMPANY. | [L. S.] |
| T. DEAN. | [L. S.] |
| JOHN P. KENNEDY. | [L. S.] |
| WM. H. FITCH, JR. | [L. S.] |
| E. W. MEDDAUGH. | [L. S.] |
| LUTHER BEECHER. | [L. S.] |

transfers thereunder, the common council could forfeit the rights of the corporation or the purchaser, and assume possession of the property, the security given by such a mortgage would be a somewhat uncertain and scanty one, and the effect of such a doctrine would be to destroy or at least impair the value of the property of the cor-

STATE OF NEW YORK,  } ss.
CITY AND COUNTY OF NEW YORK, }

On this 23d day of January, A. D. 1872, before me, a commissioner of deeds for the State of Michigan, personally appeared the within named Thompson Dean and John P. Kennedy, known to me to be the persons described in and who executed the following instrument, and severally acknowledged the same to be their free act and deed.

In witness whereof I have hereunto set my hand and affixed my official seal.                    CHARLES NETTLETON,
Commissioner for Michigan in New York,
117 Broadway, New York City.

STATE OF MICHIGAN,  } ss.
COUNTY OF WAYNE,  }

I, Stephen P. Purdy, clerk of said county, do hereby certify that on the 20th day of December, A. D. 1871, articles of association of the Mutual Gas-Light Company of Detroit were duly filed in this office, according to law, in and by which said articles it appears that the whole capital stock of said company, $500,000, had been subscribed and taken.

In testimony whereof, I have hereunto set my hand and affixed the seal of this court, this 6th day of January, A. D. 1872.
STEPHEN P. PURDY,
By M. J. MOYNAHAN,                                      Clerk.
Deputy Clerk.

STATE OF MICHIGAN,  } ss.
COUNTY OF WAYNE,  }

I, Alonzo Eaton, register of deeds in and for said county, hereby certify that on the 20th day of December, A. D. 1871, articles of association of the Mutual Gas-Light Company of Detroit were duly filed and recorded in this office, as required by law.
January 6, 1872.                    ALONZO EATON,
Register of Deeds, Wayne County, Mich.

CERTIFICATE OF FILING.

STATE DEPARTMENT, MICHIGAN,  } ss.
SECRETARY'S OFFICE,  }

I, Daniel Striker, Secretary of State of the State of Michigan, do hereby certify that on the twenty-second day of December, in the year one thousand eight hundred and seventy-one, the articles of association of the Mutual Gas-Light Company of Detroit were duly filed in this office, agreeable to the provisions of law.

In testimony whereof, I have hereunto set my hand and affixed the great seal of the State of Michigan, at Lansing, this 22d day of December, in the year of our Lord one thousand eight hundred and seventy-one.                    G. M. HASTY,
Deputy Secretary of State.

poration and of the mortgagees, a position which the law will not yet justify. The purchaser under such a sale and his grantee would acquire the same rights and privileges which the original corporation had, and subject to the same terms and conditions. Such a conveyance was not prohibited by the ordinance of the city, even if it could have been—a point we do not now pass upon.

The effect of the contract entered into with the Detroit Gas-Light Company remains to be considered.

Under section two of the ordinance the company was forbidden to enter into any combination with any gas-light company concerning rates to be charged for gas, and it is claimed that the agreement of June 28, divid-

---

AND WHEREAS, The said corporation did thereupon proceed, and from thence hitherto have continued to lay mains and pipes in and through the streets, alleys and public grounds of the city of Detroit, and to conduct gas through the same, and to carry on the business of manufacturing and selling gas-light in said city; and,

WHEREAS, The said corporation did not, within one year from the passage of said ordinance, or at any other time, build and complete gas-works within said city sufficiently extensive to enable it to manufacture gas to a reasonable amount, but did, in violation of said ordinance, build its gas-works without the limits of said city, to-wit, in the township of Hamtramck; and

WHEREAS, Heretofore, to-wit, on the 28th day of June, 1877, for the purpose of destroying competition between it and the Detroit Gas-Light Company, the said Mutual Gas-Light Company did, contrary to the provisions of said ordinance, enter into a combination with the said Detroit Gas-Light Company, concerning rates to be charged for gas to the city of Detroit and to private consumers; and,

WHEREAS, The said corporation, on the day and year last aforesaid, in violation of the provisions of section two of said ordinance, did enter into a contract and agreement with said Detroit Gas-Light Company, which agreement has been performed by the parties thereto, the same being in the words and figures following, to-wit:

Memorandum of agreement between the Detroit Gas-Light Company, party of the first part, and the Mutual Gas-Light Company, party of the second part, both of the city of Detroit, and the State of Michigan, made and entered into the 28th day of June, 1877, witnesseth as follows:

1. The party of the first part hereby sells, transfers and conveys

ing the city, was in violation of this provision. In my opinion this position is well taken. To my mind it seems very clear that such agreement was a carefully studied attempt to evade in spirit, but not in letter, the provision referred to. The effect of such an agreement is precisely the same as a combination concerning rates. The object sought under the ordinance was active competition, which would keep rates within reasonable limits; the result of this agreement is to remove all competition, and permit the rival companies to enjoy each its territory unmolested and freed from all danger of competition. The Mutual Gas Company could have confined itself as well to one street or one block as to one-half the city.

---

to the said party of the second part, all mains, service pipe, feeding meters and connections of every kind and description now owned by it, and lying and being in the city of Detroit, easterly of the center of Woodward avenue, including its gas holder on the easterly side of Chene street, and the land enclosed therewith, for the conveyance of which latter property a good and sufficient warranty deed is to be made.

2. The party of the second part hereby sells, transfers and conveys to the party of the first part all the mains, service pipe, feeding meters and connections of every description thereunto belonging or pertaining, now owned by it, and being and lying westerly of the center of Woodward avenue, in the city of Detroit.

3. As the difference in the value of the property so as aforesaid transferred each to the other has been agreed upon at the sum of $140,000 in favor of the said party of the first part, said party of the second part hereby covenants and agrees to pay said sum to the said party of the first part, in the manner following, to-wit: $20,000 on the execution of this paper; $45,000 when the connection of the pipes of the party of the first part, for supplying gas in the city of Detroit, easterly of the center of Woodward avenue, are ready to be severed, when this paper and the notes and mortgages hereinafter specified shall be delivered; and the remainder in five equal instalments, with interest at seven per cent per annum, the first instalment to be payable on the ——— day of ———, 187-, these five instalments to be secured by a promissory note of the party of the second part, payable to the order of Thompson Dean, of New York.

4. And said parties mutually agree with each other and bind themselves, that from and after the delivery and receipt of the property as herein covenanted, they will neither of them lay gas mains or pipes across Woodward avenue, and that the party of the first part will not supply gas to that part of the city lying easterly of the line of the middle of Woodward avenue, hereinbefore described, nor will the party of the second part thereafter supply gas to that part of the city lying westerly of the line aforesaid, only as said companies respectively shall at any time be found, against their own will, legally liable and bound to do, and in such case only in the manner and subject to the conditions hereinafter provided. Each party hereto respectfully reserves to itself the right to perform in any part of the city of Detroit any acts or duties which it shall at

Corporations like individuals should observe in good faith the letter and spirit of their agreement, and of the accepted terms and conditions imposed upon them, and they should not be permitted, while exercising the right conferred, to make careful study and effort to evade the responsibilities and restrictions imposed upon them; and if any doubt exists as to the right claimed by the corporation, that doubt should be solved in favor of the public.

It does not, however, follow that the city can have the relief prayed for in this case. The violation of such an agreement would not be a forfeiture of the consent given by the city, nor of the property of the corporation acquired thereunder. This would be a measure of damages for the violation of an agreement recognized neither

any time be found, against its own will, legally bound and liable to do. And in the case of supplying any gas contrary to the provisions hereinbefore contained, the parties so supplying shall be subject to the provisions hereinafter contained, to-wit:

And the parties respectively agree and bind themselves each to the other, for every foot of gas supplied by the party of the first part easterly of the line on the middle of Woodward avenue, hereinbefore described, after the delivery of the property herein contemplated has been made, the said party of the first part shall and will pay to the party of the second part such rate for each 1,000 cubic feet so supplied as the said party of the second part shows to be its net gain per thousand feet on its aggregate supply of gas to private consumers during and for the time such supply is being made by said party of the first part, or at the rate of profit per thousand cubic feet made by said party of the first part on its aggregate consumption by private consumers during such time as the said party of the second part may elect; and from and after the delivering and receiving of the property aforesaid, the party of the second part, for every foot of gas supplied by it westerly of the line of the middle of Woodward avenue, hereinbefore described, shall and will pay to the party of the first part such rate per thousand cubic feet for each thousand feet so supplied as the party of the first part shows to be its net gain per thousand feet on its aggregate supply of gas to private consumers, during and for the time such supply is being made by the said party of the second part, or the rate of profit per thousand cubic feet, made by the party of the second part on its aggregate consumption by private consumers during such time as the party of the first part may elect, and all such payments, if any, are to be determined and paid monthly, one to the other.

In witness whereof, the said parties have hereunto caused their respective names to be written and their corporate seals to be attached.

[Signed]        THE DETROIT GAS-LIGHT COMPANY.
                        SAMUEL LEWIS, *President.*
                FOR THE MUTUAL GAS-LIGHT CO.,
                        T. DEAN, *Special Agent.*

in courts of law nor of chancery. Section 6 of the ordinance required bonds to be given to secure performance of the obligations imposed by section 2. Whether the remedy of the city may not be found here, or in some other manner, or what appropriate remedy the city may have for the violation of the agreement, we do not say, while we concur in saying that the bill was rightly dismissed, and that the decree must be affirmed with costs.

COOLEY, J. I agree in the conclusion reached by the Chief Justice, while not agreeing in what he says about the division of territory between the two companies being in effect a combination as to prices.

GRAVES and CAMPBELL, JJ., concurred.

AND WHEREAS, The said corporation has at all times, from the acceptance by it of said ordinance, utterly and wholly neglected and refused to comply with the provisions of section 4 of said ordinance; now, therefore,

It is hereby ordained by the Common Council of the City of Detroit:

SECTION 1. That the consent, permission and authority granted by the common council of the city of Detroit to the said "The Mutual Gas-Light Company of Detroit," to lay gas-pipes, mains, conductors and service pipes in any of the avenues, streets, lanes, highways, alleys, public parks and squares throughout said city, be and the same is hereby revoked, and from and after the approval of this ordinance the same shall cease and be null and void.

SEC. 2. The said "The Mutual Gas-Light Company of Detroit" is hereby declared to have forfeited to the City of Detroit all its gas-pipes, mains, conductors, service pipes, and all its other property situated and being within the avenues, streets, lanes, highways, alleys, public parks and squares within the city of Detroit, and also all its other property situated within the limits of said city, and the title to all and singular the property above described and mentioned is hereby declared to have vested in the city of Detroit.

SEC. 3. The controller is hereby authorized and directed to take and assume possession and control of all the property mentioned and described in the next preceding section, and to notify the Mutual Gas-Light Company thereof; and also to serve upon said company a certified copy of this ordinance.

SEC. 4. This ordinance shall take immediate effect.