## In re MUTUAL MERCANTILE AGENCY.

(District Court, S. D. New York. October 22, 1901.)

**1. BANKRUPTCY—CORPORATIONS—MERCANTILE AGENCY.**

A corporation organized to "establish, maintain and conduct a general mercantile agency," and whose business was gathering information and printing and publishing a book of ratings with respect to the standing of merchants, which it loaned to its subscribers, comes within the provisions of Bankr. Act 1898, § 4b, and may be adjudged an involuntary bankrupt.[1]

**2. SAME—ACTS OF BANKRUPTCY—WRITTEN ADMISSION BY CORPORATION.**

A written admission, signed by the president of a corporation by order of its board of directors, that the corporation is unable to pay its debts, and is willing to be adjudged a bankrupt on that ground, is sufficient to constitute an act of bankruptcy, under Bankr. Act 1898, § 3a, cl. 5, which will authorize its adjudication as an involuntary bankrupt.

**8. SAME—INVOLUNTARY PETITION—TIME FOR APPEARANCE BY OPPOSING CREDITORS.**

Bankr. Act 1898, § 59f, which provides that creditors other than the original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition, does not authorize a creditor to appear and file an answer to an involuntary petition raising new issues after the time fixed for pleading to the petition by section 18b has expired, where such time has not been extended, and the petition has been heard on the issues as then made up.

In Bankruptcy. Hearing on involuntary petition.

Dill & Baldwin, for petitioning creditors.

J. Quintus Cohen, for opposing creditor.

George Edwin Joseph, for receiver.

ADAMS, District Judge. Three creditors of the Mutual Mercantile Agency filed a petition alleging it to be a corporation organized under the laws of the state of New Jersey, engaged principally in publishing, printing, and mercantile pursuits; that, being insolvent, it committed an act of bankruptcy, in that it admitted in writing, over the signature of its president, and by order of the board of directors, its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground. A creditor duly answered the petition, and, without denying the facts alleged in the petition, alleged that the corporation was not one falling within the terms of the act, and asked for a dismissal of the petition. The action was brought to trial on the 3d day of October, 1901, upon this issue. At the opening of the case a motion was then made by the creditor to dismiss the petition on the ground that it did not state facts sufficient, under the statute, to have the defendant declared a bankrupt. Decision upon this motion was reserved. The charter was then introduced in evidence, by which it appeared that the company was incorporated in April, 1899, to conduct a general mercantile agency. It provides as follows:

"To establish, maintain and conduct a general mercantile agency, to carry on every branch of business usually transacted in connection therewith, including the obtaining and acquiring by purchase or in any other lawful

[1] What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon v. First Nat. Bank of Mattoon, 42 C. C. A. 4.

manner information, statistics, facts and circumstances of, relating to, or affecting the business, capital, debt, solvency, credit, responsibility and commercial condition and standing of any and all individuals, firms, associations and corporations engaged in or connected with any business, occupation, industry or employment in any part of the civilized world, and particularly in and throughout the United States, and Canada, and to dispose of, sell, loan, pledge, hire and use in any and all lawful ways the information, statistics, facts and circumstances so obtained and acquired; also to establish, maintain and conduct a general collection business for the recovery, enforcement and collection of accounts, bills, debts, dues, demands and obligations and claims of all kinds; also to establish and conduct a general business of making and issuing contracts to secure the faithful performance of any mercantile or commercial contract or agreement, and for the prompt payment of any debt or obligation due by, under or arising from or out of any mercantile or commercial transaction; also to acquire by purchase or otherwise and/ to establish, maintain and conduct a general printing, publishing, bookbinding and advertising business, and to prepare and distribute newspapers, books, pamphlets, directories, catalogues, reports, ratings, digests, lists and other printed matter of interest or use to merchants, traders, bankers and lawyers."

The charter further provided:

"(3) The board of directors, and when the board is not in session the executive committee, in addition to the powers and authorities by statute, and by the by-laws expressly conferred upon them, are hereby empowered to exercise all such powers and to do all such acts and things as may be exercised or done by the corporation, but subject, nevertheless, to the provisions of the statute, of the charter, and to any regulations that may from time to time be made by the stockholders: provided, that no regulations so made shall invalidate any provisions of this charter, or any prior acts of the directors or the executive committee which would have been valid if such regulations had not been made."

Testimony was then given tending to show that the business of the company was gathering information and printing and publishing a book of ratings with respect to the standing of merchants in the United States and elsewhere. This information was furnished to subscribers throughout the country by means of the books which it loaned to the subscribers. No testimony was offered in behalf of the objecting creditor. At the close of the case a motion was made to dismiss the petition upon its allegations and the evidence.

The corporation seems to be one falling within the description of section 4b of the act. The admission of the bankruptcy of the corporation by the directors is apparently within their authority. It seems to be well established that the acts of directors in such particulars are sufficient to establish bankruptcy. In re Marine Machine & Conveyor Co. (D. C.) 91 Fed. 630; In re T. L. Kelly Dry Goods Co. (D. C.) 102 Fed. 747; In re Rollins Gold & Silver Min. Co., Id. 985; In re Peter Paul Book Co. (D. C.) 104 Fed. 786, 788.

It is said, however, on behalf of the objecting creditor, that the laws of New Jersey (Laws 1896, p. 298, art. 7, § 64) preclude the directors from legally assenting to an adjudication of bankruptcy. I do not find that such is the case. The section in question would doubtless prevent the directors from making a valid transfer of the property of an insolvent corporation, or one in contemplation of insolvency, but would not prevent them from admitting, for the benefit of the creditors generally, that the corporation is unable to

pay its debts, and its willingness to be adjudged a bankrupt on that ground under the federal law.

The trial was completed on the 3d day of October, and decision was reserved.   On the 5th day of October the attorney for the objecting creditor filed an answer on behalf of another creditor, raising entirely new issues in the action.   The petitioning creditors moved to strike out this answer on the ground that the time within which the objecting creditor could file an answer under section 18, subd. "b," of the bankruptcy act, expired on the 7th day of September, 1901, and that no further time had been allowed by the court.   The objecting creditor relied upon the provision of section 59, subd. "f," providing that creditors other than the original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition.   I do not think it was intended by such provision to permit creditors to come in one by one, and each have an opportunity to contest the questions incident to an involuntary adjudication.   This case is governed by section 18, subd. "b."

Motion to strike out granted, and adjudication ordered.