### In re C. MOENCH & SONS CO.

(Circuit Court of Appeals, Second Circuit. April 19, 1904.)

#### No. 13.

1. BANKRUPTCY—JURISDICTION OF COURT TO MAKE ADJUDICATION—POSSESSION OF PROPERTY BY RECEIVERS.

The fact that the property of a corporation is in the possession of receivers appointed by a state court does not affect the jurisdiction of a court of bankruptcy to adjudicate such corporation a bankrupt.

2. SAME—MANUFACTURING CORPORATION—EFFECT OF RECEIVERSHIP BEFORE FILING OF PETITION.

The appointment of receivers for a manufacturing company, and its ceasing to do business in consequence, before the filing of a petition in bankruptcy against it, do not deprive the court of jurisdiction to make the adjudication against it as a corporation engaged principally in manufacturing pursuits.

3. SAME—DEFENSE OF SOLVENCY.

In involuntary proceedings in bankruptcy against a manufacturing corporation under Bankr. Act 1898, § 3a, cl. 5, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], based on its admission in writing of its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground, a creditor cannot prove its solvency as a defense.

4. SAME—ACT OF BANKRUPTCY—POWER OF DIRECTORS TO COMMIT.

Where, under the laws of the state, a corporation has power to make a general assignment of its property for the benefit of creditors, in the absence of a statute or by-law regulating the subject such assignment may be made by the board of directors, and, having such power, they may also make the admission in writing of the inability of the corporation to pay its debts, and of its willingness to be adjudged a bankrupt on that ground, which constitutes an act of bankruptcy under Bankr. Act 1898, § 3a, cl. 3, 30 Stat. 546 [U. S. Comp. St. 1901, § 3422], and such admission may be made the basis of a petition against it by its bona fide creditors.

5. SAME.

The appointment of temporary receivers for a corporation does not deprive the directors of the power to make a written admission of its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, which may be made the basis of a petition against it by creditors.

Appeal from the District Court of the United States for the Western District of New York.

For opinion below, see 123 Fed. 965. See, also, 123 Fed. 977.

This cause comes here upon appeal from a judgment of the District Court, Western District of New York, adjudicating the C. Moench & Sons Company bankrupt. The appellant, Eliot National Bank, is a creditor holding an attachment issued by a Massachusetts court, and levied upon property in that state, which attachment and levy would be wiped out if this adjudication is

sustained. The bankrupt is a New York stock corporation engaged in the business of tanning leather. On March 19, 1903, upon a petition made and verified by a majority of the directors, the New York Supreme Court appointed two persons temporary receivers of its property, books, assets, choses in action, and effects, with power to conduct the business of the corporation as a going concern until further order of the court. The receivers duly qualified, and took possession of the property. On April 4, 1903, three creditors filed an involuntary petition in bankruptcy against the corporation, on the ground of insolvency and the appointment of the receivers by the state court. On April 20, 1903, three other creditors filed a like petition, on the ground of a preference allowed, and alleging also insolvency and the receivership proceeding. No adjudication has been made in either of these proceedings. On May 5, 1903, the board of directors passed a resolution that the corporation is unable to pay its debts, and is willing to be adjudicated a bankrupt on that ground, and that the president be requested to so notify, in writing, the creditors of the corporation. Such notification was given the next day by a circular letter signed by the president and sent to the various creditors. On May 9, 1903, the petition on which adjudication has been made was filed, the act of bankruptcy charged being that within four months, to wit, on May 6, 1903, the corporation did admit, in writing, its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground. The Eliot National Bank made answer to the petition, and the issues were heard before a special master. Of the various errors assigned, it will be necessary only to deal with such as have been argued, and, in view of the careful and extended opinion filed by the District Judge (123 Fed. 965), they may be briefly disposed of.

George R. Nutter, for appellant.

Alfred B. Cruikshank, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). It is contended that the District Court did not have jurisdiction to adjudicate the corporation a bankrupt, because the res was in the possession of the state court. Many cases are cited, all of which deal with the custody of the property—a question which will probably hereafter arise in this proceeding—but none of which have any application to a decree merely adjudicating bankruptcy. We have no doubt that the District Court has jurisdiction to adjudicate any person a bankrupt who may under section 4 become one, and who has committed an act of bankruptcy, irrespective of the whereabouts of his property. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]. Section 4b provides that any corporation "engaged principally" in manufacturing pursuits may be adjudged an involuntary bankrupt, and appellant contends that the Moench Company was not on May 9th within such category, because it had ceased doing business on March 20, 1903, the day after receivers were appointed. No case is cited in support of this proposition, and, in the absence of authority, we shall be unwilling to hold that a corporation could thus easily avoid the operation of the bankrupt act by making a general assignment, or by securing the appointment of receivers, or by ceasing to do any business, before its creditors filed a petition against it. A reasonable construction of the phrase "engaged principally" would seem to be that, whatever might be the objects of pursuit set out in the charter, the bankrupt act should apply only when the pursuits in which the company had actually engaged were principally of the kind specified.

It is next contended that it was substantial error to reject certain

evidence offered by the contestant. The only specific testimony actually offered was that, when the receivers were appointed, the liabilities of the company were $1,114,000, and the assets $1,248,000, as stated by the petition to the state court; and there was a further offer, without actually submitting proof, to show that, when the admission in writing was made, the assets exceeded liabilities. This was in reality an offer to prove solvency; but section 3c (30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]) provides that solvency may be proved as a defense only to proceedings instituted under section 3a, cl. 1, and it is only in proceedings under section 3a, cl. 2, and section 3a, cl. 3, that insolvency must be shown to entitle petitioner to an adjudication. In George M. West Company v. Lea Bros. & Co., 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, the court says:

"The nonexistence of insolvency at the time of the filing of a petition for adjudication in involuntary bankruptcy, because of the acts enumerated in * * * section 3a, cl. 5, * * * does not constitute a defense to the petition."

This proceeding was instituted under section 3a, cl. 5, and testimony as to solvency was properly excluded. No witness was called, and no document was offered, to show that on May 6, 1903, the corporation was "able to pay its debts."

It is further contended that a corporation cannot commit the act of bankruptcy set forth in section 3a, cl. 5, viz., make admission in writing of inability to pay debts, and willingness to be adjudged a bankrupt on that ground; and appellant cites In re Bates Machine Co. (D. C.) 91 Fed. 625. All that the court decided in that case was that, under the statutes of Massachusetts, the power to make such a written admission had not been granted to the board of directors, but could be exercised by that body only when authorized by a vote of the stockholders. The capacity of a corporation to commit such an act of bankruptcy has been recognized in In re Bates Machine Co. (D. C.) 91 Fed. 630; In re Rollins Gold & Silver Min. Co. (D. C.) 102 Fed. 982; In re L. T. Kelly Dry Goods Co. (D. C.) 102 Fed. 747; In re Mutual Mercantile Agency (D. C.) 111 Fed. 152. There is nothing in the bankruptcy act to indicate that the making of a general assignment for the benefit of creditors—which is the fourth of the specified acts of bankruptcy—may not be taken to be an act of bankruptcy when it is made by a corporation, and, if the corporation can commit the one act, there seems no sound reason for holding that it could not commit the other. Where, by statute, the making of such a general assignment is forbidden to a corporation, some question might be raised as to whether the corporation could commit the fifth act; but we need not now pass upon any such question, because since the passage of the stock corporation law of 1890, and the amendments of chapter 688, p. 1824, Laws 1892, the old prohibition in this state against the making by a corporation of a general assignment for the benefit of creditors has been done away with. Croll v. Empire State Knitting Co., 17 App. Div. 284, 45 N. Y. Supp. 680; Munzinger v. United Press, 52 App. Div. 338, 65 N. Y. Supp. 194. It would also seem to be reasonable to hold that the power to make the admission in writing could be exercised by the same officers who have the power to make a general assignment, and, in the

absence of statute or by-law regulating the subject, such power resides in the directors. Rogers v. Pell, 154 N. Y. 527, 49 N. E. 75. It is no doubt true that by committing either the fourth or fifth acts of bankruptcy, when three creditors stand ready at once to take advantage of it by filing a petition, the corporation achieves the object which the act forbids it to secure by its own voluntary petition, but its doing so is not such a "fraud upon the act" as to prevent the application of the plain language of the act to the facts presented. The authorities cited by appellant (In re Independent Thread Co. [D. C.] 113 Fed. 998; In re Bates Machine Co. [D. C.] 91 Fed. 625) do not apply; the "fraud" found in those cases was the creation of creditors, not bona fide, to make the application in involuntary bankruptcy which a sufficient number of bona fide existing creditors could not be found to make.

As to the proposition that the proceedings should be dismissed on any theory of collusion or estoppel, and that the appointment of temporary receivers deprived the board of directors of their power to make the written admission, we think it unnecessary to add anything to the opinion of the District Judge. In Sigua Iron Co. v. Brown, 171 N. Y. 494, 64 N. E. 194, cited in that opinion, the court says:

"The appointment of a temporary receiver does not dissolve a corporation, nor restrain the exercise of its corporate powers. His functions are limited to the care and preservation of the property committed to his charge. He does not represent the corporation in its individual or personal character, nor supersede it in the exercise of its corporate powers, except as to the particular property confided to him. * * * The corporation still had the right to exercise its corporate powers, except as to the matters and claims specially confided to the receiver by the court."

The decree of the District Court is affirmed.