## In re DUPLEX RADIATOR CO.

### (District Court, S. D. New York. January 18, 1906.)

### No. 8,433.

1. BANKRUPTCY—FOREIGN CORPORATIONS—JURISDICTION OVER.

If a foreign corporation has in fact had its principal place of business in a district for the greater part of six months, the court of such district has jurisdiction to adjudicate it a bankrupt, and such jurisdiction is not affected by the fact that the corporation did not obtain a certificate required by the laws of the state to entitle it to do business therein.

2. SAME—INSOLVENCY—EFFECT OF ADMISSION.

When the act of bankruptcy alleged against a corporation is an admission in writing of its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, the question of its insolvency is immaterial.

3. SAME—PROCEEDING INSTITUTED AT REQUEST OF CORPORATION—DEFENSE OF COLLUSION.

The mere fact that a corporation admits in writing its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, and thereupon requests certain creditors to file an involuntary petition, constitutes no ground of defense to the proceeding by a creditor who opposes the adjudication.

In Bankruptcy. Involuntary proceeding. On report of referee.

Charles W. Stapleton, for petitioning creditors.

George C. Coffin (Marshall S. Hagar, of counsel), for objecting creditor.

HOLT, District Judge. The referee finds, as a fact, that for six months before the filing of the petition, the principal place of business of the alleged bankrupt was in this district, but finds that, as the bankrupt was a New Jersey corporation, and had not obtained a certificate from the Secretary of State permitting it to do business here, it cannot be held to have had its principal place of business here, citing the case of Re Elmira Steel Co., 5 Am. Bankr. Rep. 484. In that case it was held that the United States District Court for the Northern District of New York had jurisdiction to adjudicate a corporation bankrupt which was organized under the laws of New York and did business in the Northern district of New York. The question discussed by the referee, whether its omission to obtain leave to do business in Pennsylvania prevented the court in Pennsylvania from also

having jurisdiction, seems to me to have been obiter. At all events, in my opinion, if a foreign corporation has, in fact, had its principal place of business for six months in this district, this court has jurisdiction, and the fact that it has not obtained a certificate from the Secretary of State, permitting it to do business here, does not divest this court of jurisdiction. If it has not complied with the law of this state in obtaining such a certificate, it is liable to the consequences provided by that law. But, in my opinion, the fact that no certificate was obtained does not change the fact that the principal place of business is where the principal business is done.

The referee's report discusses, at some length, the question whether this corporation was solvent; but when the act of bankruptcy alleged is an admission in writing of inability to pay debts and willingness to be adjudged a bankrupt on that ground, the question of insolvency is immaterial. West Co. v. Lea, 174 U. S. 590, 594, 19 Sup. Ct. 836, 43 L. Ed. 1098; In re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37. The referee holds that the proceedings to bring about an adjudication were void for collusion, citing Matter of Independent Thread Co., 7 Am. Bankr. Rep. 704, 113 Fed. 998. In that case, the officers of the company desired that it should be put into bankruptcy, and made the necessary admission in writing of its inability to pay its debts and willingness to be adjudged a bankrupt. It was necessary, however, that the involuntary proceeding should be brought by three creditors, and there was but one creditor who was willing to bring it. Thereupon the company gave its creditor two notes for a portion of its indebtedness, and the creditor transferred the notes to two other persons thus making three creditors, who filed the petition. The court refused an adjudication on the ground that the proceedings were collusive. But the mere fact that a corporation admits in writing its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground, and thereupon requests certain creditors to file an involuntary petition, constitutes no ground of defense to the proceeding by a creditor who opposes the adjudication. In re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37.

My conclusion is that the referee's report should not be confirmed, and that an adjudication should be ordered.