## In re LISK MFG. CO.

### (District Court, W. D. New York. July 16, 1908.)

### No. 2,840.

BANKRUPTCY (§ 63*)—CORPORATION—CONSENT TO ADJUDICATION—AUTHORITY OF DIRECTORS.

A resolution adopted by the board of directors of a corporation called and held in the usual manner, and at which a quorum was present, admitting the inability of the corporation to pay its debts and its willingness to be adjudged a bankrupt on that ground, is sufficient, in the absence of fraud or collusion, to authorize creditors to institute bankruptcy proceedings, and to warrant an adjudication, although some of the directors in a distant state were not notified of the meeting, especially where neither the stockholders nor a new board of directors elected by them have taken any steps during several months to vacate a receivership obtained by the petitioning creditors with the consent of counsel for the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 63.*]

In Bankruptcy. On petition in involuntary bankruptcy.

White & Stanley, for petitioning creditors.

John Dickey, Jr., W. K. & R. K. Prentice, Lewis & Lewis, and George P. Keating, for intervening creditors.

Kenefick, Cooke & Mitchell and Daniel J. Kenefick, for alleged bankrupt.

White & Case, Gardner, Pirce & Thornley, Satterlee, Bissell, Taylor & French, Walter S. Hubbell, O'Brien, Boardman, Platt & Littleton, and Alfred C. Coxe, Jr. (Alfred C. Coxe, Jr., Porter M. French, William W. Moss, and Joseph M. Hartfield, of counsel), for objecting creditors.

HAZEL, District Judge. This is an involuntary proceeding in bankruptcy, instituted by creditors to have the Lisk Manufacturing Company adjudged a bankrupt. The petition was filed on December 27, 1907, and on the same day receivers were appointed, who are in possession of the property and carrying on the business of the corporation. At the request of the Lisk Manufacturing Company the time to answer was extended by order of the court for a period of three months, and on April 13, 1908, the bankrupt filed an answer to the petition, alleging substantially that the corporation was not insolvent, that the board of directors were without power or authority to pass the resolution admitting the inability of the corporation to pay its debts and its willingness to be adjudged a bankrupt on that ground, and that such resolution was passed collusively. Trial by jury, which had been demanded under section 19a, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]), was waived, and the trial proceeded before the court. Creditors having claims against the alleged bankrupt amounting to $450,-000 have intervened, but nevertheless object to the adjudication, while other creditors having claims amounting to upwards of $750,000 have intervened and urge the adjudication. Although the directors adopt-

ing the resolution were largely indebted to the corporation, no evidence was given to substantiate the allegation of the answer, and it is not now claimed that they acted collusively and fraudulently, and said defense was abandoned at the hearing. Following the decisions of West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, and In re Moench & Sons, 130 Fed. 685, 66 C. C. A. 37, evidence offered to show the solvency of the corporation was excluded. Accordingly the single question submitted relates to the power and authority of a quorum of the directors to make the admission under section 3 (a) 5, which is the act of bankruptcy alleged in the petition.

I am satisfied by the record that the meeting held in Buffalo, on December 26, 1907, by a majority of the directors of the Lisk Manufacturing Company, at which the resolution in evidence was adopted, admitting in writing the inability of the said corporation to pay its debts and its willingness to be adjudicated bankrupt, was assembled to adopt such resolution; moreover, that at such time the alleged bankrupt in fact was financially embarassed and unable to pay its debts, and that the meeting was attended by a quorum of the directors and was called and held in the usual manner in which said corporation transacted its business affairs. It appears that the officers of the corporation, before adopting the resolution, had conferred with counsel regarding the financial condition of the alleged bankrupt, and acting under his advice the meeting was held and the resolution adopted. In this situation the creditors were authorized to institute bankruptcy proceedings under section 3 (a) 5. Officers who have power to make a general assignment under the laws of the state have power to make the specified admission. Neither the state statute nor the by-laws of the corporation prohibited the directors from making a general assignment for the benefit of creditors; and hence the written admission, signed by the secretary of the corporation by order of the majority of the board of directors, was sufficient to authorize the creditors to institute the bankruptcy proceeding in question. In re Moench & Sons, supra; In re Mutual Mercantile Agency Co. (D. C.) 111 Fed. 152.

It is claimed in behalf of the bankrupt that the statute of the state (section 29 of the general corporation law [Laws N. Y. 1901, p. 507, c. 214]) substantially provides that the business of the corporation shall be conducted by a majority of the directors at a meeting duly assembled, etc., and it is pointed out that the requirement of the by-laws of the Lisk Manufacturing Company indicates that such meeting of the board of directors was not regularly assembled or convened. Under section 5 of the by-laws of such corporation, special meetings of the directors were held at any time by oral notice or by notice in writing duly signed by each director. The by-laws do not provide that such meetings of the directors shall be held in Canandaigua, the place of business of the bankrupt. In view of the manner in which previous business meetings were held by the directors, it was not absolutely necessary that oral notice should have been given, in the absence of bad faith, to directors living or sojourning in a distant state. For this reason, in my opinion, it was not necessary that C. D. McLaughlin, the director residing in Omaha, should have notice of the meeting. The situation was thought by a majority of the direc-

tors, after consultation with their counsel and thorough examination of the financial affairs of the corporation, to require immediate action by the board of directors, and under all the circumstances to secure the consent of the absent director was obviously unnecessary. Porter v. Robinson, 30 Hun (N. Y.) 209; Edgerly v. Emerson, 23 N. H. 555, 55 Am. Dec. 207; Chase v. Tuttle, 55 Conn. 455, 12 Atl. 874, 3 Am. St. Rep. 64; Leavitt v. Yates, 4 Edw. Ch. (N. Y.) 139; American Exchange National Bank v. First National Bank, 82 Fed. 961, 27 C. C. A. 274. J. L. McLaughlin, another director, knew of the proposed meeting and its object. He must be deemed to have acquiesced in the action of the other directors or waived notice of the meeting. 21 Amer. & Eng. Ency. of Law (2d Ed.) 869.

Moreover, the Lisk Manufacturing Company, in view of the facts, must be held to have acquiesced in or ratified the action of its secretary in signing the resolution setting forth an admission of inability to pay its debts and its willingness to be adjudicated a bankrupt. Leavitt v. Yates, supra; Sheldon, etc., Co. v. Eichmeyer, etc., Co., 90 N. Y. 607. Although other directors were elected by the corporation on April 4, 1908, more than three months after the filing of the petition in bankruptcy, successors to the directors who adopted the resolution in question, who have disaffirmed the act of bankruptcy, yet nothing has been done by them or the stockholders to vacate the receivership appointed on the application of the petitioning creditors and counsel for the alleged bankrupt. That the financial condition of the company was in fact different from that represented at the meeting is not contended, and that at such time the corporation was unable to pay its debts is undeniable. The business of the bankrupt has been conducted by the receivers for more than six months with the evident assent of the new directors, the stockholders, and parties in interest; and under the circumstances the latter are equitably estopped to claim at this time that the resolution which is the foundation of this proceeding was unauthorized or was improvidently passed at a meeting of which all the directors were not notified and did not attend. If new directors had promptly repudiated the action of their predecessors by moving to vacate the receivership, or had challenged their good faith, a different question would be presented.

In view, however, of the evidential facts, I am of the opinion that the answer of the bankrupt was interposed to postpone the adjudication, though undoubtedly in the honest belief that the corporation in the near future, by negotiations with creditors conducted by the receivers, would be enabled to pay its debts in full or effect a satisfactory settlement with its creditors. However commendable the efforts of the corporation or stockholders may be in that respect, it is to be remembered that the general creditors are entitled to primary consideration, and, moreover, that terms of composition may be offered under section 12 of the bankruptcy act. To allow the receivers to conduct the business of the bankrupt for a prolonged period, to the exclusion of rights of creditors demanding the right given them by the bankruptcy act to elect a trustee and administer the estate, is unwarranted. The bankrupt act was passed for the benefit of cred-

itors on the principle that, when a bankrupt's property is insufficient to pay its debts in full, there shall be an equitable division thereof pro rata among them, and this fundamental rule requires the court, not only to preserve the estate and prevent its dissipation, but that the property and assets of the bankrupt should be collected or marshaled and the amount realized distributed without unnecessary delay.

An order adjudicating the Lisk Manufacturing Company a bankrupt may be entered.