In re AMERICAN GUARANTEE & SECURITY CO. OF CALIFORNIA.

(District Court of California.  May 15, 1911.)

No. 6,840.

BANKRUPTCY (§ 61.*)—CORPORATIONS—"ACT OF BANKRUPTCY"—AUTHORITY OF DIRECTORS—ADMISSION OF INABILITY TO PAY DEBTS.

Civ. Code Cal. § 305, provides that the corporate powers, business, and property of all corporations formed under the title shall be controlled by a board of not less than three directors.  Section 308 declares that a majority of the directors may transact business, and that every decision of a majority of the directors forming the board, made when duly assembled, is valid as a corporate act; but section 361 declares that no sale, lease, assignment, transfer, or conveyance of the business, franchise, and property as a whole of any corporation shall be valid without the consent of stockholders, holding two-thirds of the issued capital stock, such consent to be expressed in writing, executed and acknowledged by the stockholders. and attached to the sale, lease, assignment, transfer, or conveyance, or by vote at a stockholders' meeting of the corporation called for the purpose, etc.  Code Civ. Proc. Cal. § 1227, provides that the dissolution of a corporation can be had only on an application signed by a majority of the board of trustees, directors, or other officers, reciting that at a meeting of the stockholders or members called for that purpose a dissolution of the corporation was resolved by a two-third vote of the stockholders.  Held, that a resolution passed by the directors of a corporation and the stockholders, reciting that it was unable to pay its debts and was willing to be adjudged a bankrupt on that ground, being properly made by the governing body of the corporation, was sufficient to constitute an "act of bankruptcy," under Bankr. Act July 1, 1898, c. 541, § 3a, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), providing that an act of bankruptcy may consist in the admission of the alleged bankrupt in writing of his inability to pay his debts and of his willingness to be adjudged a bankrupt on that ground.

[Ed. Note.—For other cases. see Bankruptcy, Dec. Dig. § 61.*

For other definitions, see Words and Phrases, vol. 1, p. 118; vol. 8, p. 7562.]

In the matter of bankruptcy proceedings against the American Guarantee & Security Company of California.  On demurrer to petition. Overruled.

Frank M. Hultman, for petitioning creditors.

Jewel Alexander and A. W. Sans, for Maria Holmer Jensen and Homer Jensen.

FARRINGTON, District Judge.  The alleged bankrupt is a California corporation.  An admission in writing that the corporation is unable to pay its debts, and is on that ground willing to be adjudged a bankrupt, is the only act of bankruptcy relied on by petitioning creditors.  The petition shows that the admission was made by resolutions formally adopted at duly and regularly called meetings of the board of directors and of the stockholders.  The material portion of the directors' resolution is as follows:

"Now, therefore, resolved, that because of the facts above stated, and for the reasons therein given, this company declares its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground."

After approving and adopting the resolution of the directors, and reciting that 967 shares of the 998 shares of the issued and subscribed capital stock of the company are present and voting, the stockholders determine and declare:

"That this corporation is unable to pay its debts, and is willing to be adjudged a bankrupt on that ground."

A demurrer raises the question whether this constitutes an act of bankruptcy. It is urged that the directors have no power to commit an act of bankruptcy. The resolution of the stockholders is immaterial, and there must be an act pursuant to the resolution. Chapter 3, § 3a, of the bankruptcy act, declares that:

"Acts of bankruptcy by a person shall consist of his having * * * (5) admitted in writing his inability to pay his debts, and his willingness to be adjudged a bankrupt on that ground."

There is nothing in this language which indicates that the admission must be followed in case of a corporation by any overt act, that it should be made to any particular person, or that further expression of a resolution by directors and stockholders must be made by an officer of a corporation in order to give effect to the admission. True, such a method has been employed in a number of cases, and held sufficient to support an adjudication. In re Marine Machine Co. (D. C.) 91 Fed. 630; In re Mutual Mercantile Agency (D. C.) 111 Fed. 152; Cresson, etc., Co. v. Stauffer, 148 Fed. 981, 78 C. C. A. 609.

But it has likewise been held that an officer of a corporation cannot commit an act of bankruptcy without express authority therefor. In re Southern Steel Co. (D. C.) 169 Fed. 702. The statutes of California confer no such authority on any individual officer of a corporation, and there is nothing in the record suggesting that such authority is conferred in the by-laws.

In Re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37, the Circuit Court of Appeals for the Second Circuit declares that it is—

"reasonable to hold that the power to make the admission in writing could be exercised by the same officers who have the power to make a general assignment, and in the absence of statute or by-law regulating the subject such power resides in the directors."

In Re Lisk Mfg. Co. (D. C.) 167 Fed. 411, a New York case, such a resolution by a board of directors alone was held sufficient to constitute an act of bankruptcy. The court said, in effect, that in the absence of any statute of the state or by-law of the corporation prohibiting the directors from making a general assignment for the benefit of creditors, the board of directors alone had power to make the specified admission. See, also, In re Rollins Gold & Silver Min. Co. (D. C.) 102 Fed. 982–985; In re Moench & Sons Co. (D. C.) 123 Fed. 965.

Notwithstanding the fact that New Jersey has a statute (P. L. 1896, p. 298) making it unlawful for the directors of an insolvent corporation to sell its property, Judge Adams, in Re Mutual Mercantile

Agency (D. C.) 111 Fed. 152, declares that the admission of the bankruptcy of a New Jersey corporation made by its—

"directors is apparently within their authority.   It seems to be well established that the acts of directors in such particulars are sufficient to establish bankruptcy."

In that case the admission was made over the signature of the president of the corporation by order of its board of directors. There are other cases in which such an admission by resolution of the board of directors has been held insufficient, unless authorized or approved by the stockholders. These rulings, however, are based on some provision of the statute or of the by-laws of the corporation. For instance, In re Bates Machine Co. (D. C.) 91 Fed. 625, was a Massachusetts case. Under the statute of that state, while the business of a corporation is conducted by a president, board of directors, clerk, treasurer, and such other officers and agents as the corporation shall designate, "no conveyance or mortgage of its real estate, or lease thereof for more than one year, shall be made, unless authorized by a vote of the stockholders at a meeting called for the purpose." The court held that under this statute the power to make such an admission had not been granted to the board of directors, and could be exercised by that body only when authorized by a vote of the stockholders.

Judge Wolverton, under an Oregon statute somewhat similar to that of Massachusetts, held that, in the absence of express authority from the stockholders, the directors could not commit an act of bankruptcy by passing a resolution admitting inability of the corporation to pay its debts and willingness to be adjudged a bankrupt. In re Quartz Gold Mining Co. (D. C.) 157 Fed. 243.

In none of the cases have the courts gone so far as to hold that an unqualified admission made by resolution adopted both by the board of directors and by the stockholders is insufficient to constitute an act of bankruptcy. In the present case we have a regularly made, unqualified admission, both by the board of directors and by the stockholders.

In section 305 the California Civil Code provides that:

"The corporate powers, business, and property of all corporations formed under this title must be exercised, conducted and controlled by a board of not less than three directors."

In section 308 of the same Code it is enacted:

"A majority of the directors is a sufficient number to form a board for the transaction of business, and every decision of a majority of the directors forming such board, made when duly assembled, is valid as a corporate act."

The powers here conferred upon the board of directors are restricted by a subsequent section (361a), the material portion of which is as follows:

"No sale, lease, assignment, transfer or conveyance of the business, franchise and property, as a whole, of any corporation now existing, or hereafter to be formed in this state, shall be valid without the consent of stockholders thereof, holding of record at least two-thirds of the issued capital stock of such corporation; such consent to be either expressed in (1) writing, executed and acknowledged by such stockholders, and attached to such sale,

lease, assignment, transfer or conveyance, or (2) by a vote at a stockholders' meeting of such corporation called for that purpose; but with such assent, so expressed, such sale, lease, assignment, transfer or conveyance shall be valid."

An application for dissolution of a corporation under the procedure provided in California can be had only upon—

"an application signed by a majority of the board of trustees, directors, or other officers for the management of the affairs of the corporation, reciting that at a meeting of the stockholders or members called for that purpose, the dissolution of the corporation was resolved upon by a two-thirds vote of all the stockholders or members." Code Civ. Proc. Cal. § 1227, et seq.

The admission in this case was properly made by the governing bodies of the corporation. The resolutions as recited in the petition are sufficient to constitute an act of bankruptcy. The question of insolvency of the corporation is immaterial. West Co. v. Lea, 174 U. S. 590, 594, 19 Sup. Ct. 836, 43 L. Ed. 1098; In re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37; In re Duplex Radiator Co. (D. C.) 142 Fed. 906.

The demurrer is overruled.