In re RUSSELL WHEEL & FOUNDRY CO. et al.

In re DETROIT BODY CO.

(District Court, E. D. Michigan, S. D.    March 29, 1915.)

No. 2929.

**1.** BANKRUPTCY ☞63—ACTS OF BANKRUPTCY—ADMISSIONS BY BANKRUPT— "PERSON."

Under Bankr. Act July 1, 1898, c. 541, § 1a (19), 30 Stat. 545 (Comp. St. 1913, § 9585), defining "persons" as including corporations, except where otherwise specified, and section 3a (Comp. St. 1913, § 9587), providing that acts of bankruptcy by a person shall consist of the acts therein specified, including the admission by the bankrupt in writing of his inability to pay his debts and his willingness to be adjudicated a bankrupt on that ground, a corporation, though solvent, may make such admission of

its inability to pay its debts and its willingness to be adjudicated a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞63.

For other definitions, see Words and Phrases, First and Second Series, Person.]

2. BANKRUPTCY ☞63—CORPORATIONS—DIRECTORS—POWERS.

It being the law in Michigan that the board of directors of a corporation may make an appointment for the benefit of creditors, the board of directors of a corporation organized under an act of that state providing that corporations so organized shall be controlled by a board of directors elected by the stockholders, except when otherwise provided in the articles of association, had power to commit the fifth act of bankruptcy, consisting of the admission in writing of the bankrupt's inability to pay its debts and willingness to be adjudicated a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞63.]

3. BANKRUPTCY ☞63—CORPORATIONS—DIRECTORS—POWERS.

The power of the board of directors of a corporation to commit the fifth act of bankruptcy, by admitting in writing the inability of the corporation to pay its debts and its willingness to be adjudicated a bankrupt, depends upon the powers of the directors under the laws of the state issuing the corporate charter.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞63.]

4. BANKRUPTCY ☞65—INVOLUNTARY PROCEEDINGS—DEFENSES—SOLVENCY.

Solvency is no defense to a petition in bankruptcy charging the fifth act of bankruptcy, consisting of the admission in writing of the debtor's inability to pay its debts and its willingness to be adjudicated a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 121; Dec. Dig. ☞65.]

5. BANKRUPTCY ☞100—EFFECT OF ADJUDICATION—DISSOLUTION OF CORPORATION.

An adjudication in bankruptcy does not dissolve a corporation or terminate its existence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. ☞100.]

In Bankruptcy. In the matter of the petition of Russell Wheel & Foundry Company and others to have the Detroit Body Company adjudicated a bankrupt. On motion to strike an answer from the files and for an order of adjudication. Motion granted.

Clark, Lockwood, Bryant & Klein, of Detroit, Mich., for petitioners. Robert M. Brownson, of Detroit, Mich., for Union Trust Co.

TUTTLE, District Judge. On March 11, 1915, an involuntary petition was filed praying that the Detroit Body Company, a Michigan corporation, be adjudicated bankrupt. Aside from formal matters, the petitioners allege that they are creditors having provable claims, over and above securities held by them, aggregating $15,564.05; that the bankrupt is insolvent, and that on March 2, 1915, it committed an act of bankruptcy, to wit:

"While insolvent admitted in writing its inability to pay its debts and its willingness to be adjudicated bankrupt on that ground."

No other act of bankruptcy is alleged in the petition.

Within the time required by the rules and practice of the court, the

Union Trust Company, receiver of the F. B. Ensley Company, a creditor of the bankrupt, entered its appearance in opposition to the adjudication, and on March 18, 1915, filed its answer to the petition. This answer alleges that the Union Trust Company, as receiver, is a creditor of the bankrupt in the sum of $19,784.65. It denies that the petitioning creditors have claims which are unsecured in the sum of $15,564.05 which are provable, but it fails to deny an indebtedness aggregating $500 or more. The answer further denies that the bankrupt is insolvent, or that it committed the act of bankruptcy alleged, and it asks for the judgment of the court in the premises.

On March 23, 1915, the petitioning creditors filed their petition herein, asking for an order requiring the Union Trust Company, receiver, to show cause why its answer should not be stricken from the files and an order of adjudication made. This petition, so far as material, shows that at the time of the filing of the original petition for adjudication they caused to be filed with the clerk of the court, as a part of the record and proceedings, the original minutes of the meeting of the board of directors of the bankrupt corporation, admitting the inability of the bankrupt to pay its indebtedness and its willingness to be adjudicated bankrupt on that ground; that an inspection of the court's records would have shown to the intervening creditor the passing of such resolution by the board of directors. The petition also alleges that the Union Trust Company, receiver, has attached and garnished property and money of the bankrupt; that the bankruptcy proceedings were brought to prevent said Union Trust Company, receiver, from obtaining a preference; and that the intervention of said creditor is for the purpose of delay and for no other purpose.

An order was duly issued requiring the Union Trust Company, receiver, to show cause why its answer should not be stricken from the files and an adjudication made. The minutes of the meeting of the board of directors of the bankrupt corporation show that all of the members of the board waived notice of a special meeting called to be held March 2, 1915, for the purpose of admitting the inability to pay debts and willingness to be adjudicated bankrupt; that all of the board of directors were present, and that a resolution was adopted as follows:

"It was therefore moved by Mr. —— and seconded by Mr. —— that the Detroit Body Company, a Michigan corporation, do admit in writing its inability to pay its debts and its willingness to be adjudicated a bankrupt on that ground, and that the president and secretary be and the same are hereby authorized and empowered to execute in writing an admission in accordance with this resolution," etc.

This motion was unanimously adopted and signed by the president and secretary.

The Union Trust Company filed its answer to the order to show cause, alleging, so far as material to the issues, that its answer should not be stricken from the files and an adjudication made:

(1) Because the Detroit Body Company receiver did not commit the act of bankruptcy alleged; that the board of directors of the bankrupt had no authority, either under its by-laws or the Michigan laws, under its charter or otherwise, to make the admission which constitutes the act of bankruptcy

alleged; that the stockholders never authorized such action; also that the bankrupt is not insolvent.

(2) Because the Detroit Body Company is a solvent corporation, and on information and belief it alleges that the assets are of the value of $350,000, and exceed the liabilities by upwards of $75,000.

(3) Because on December 22 and 23, 1914, the president of the bankrupt corporation made statements to the Bradstreet Company and to R. G. Dun & Co. respectively, that the assets exceeded the liabilities by $112,000 to $122,-000; that the financial condition of the corporation is not materially different now than in December, 1914.

(4) Because the resolution of the board of directors within the purview of the bankruptcy law is void and of no binding effect on the corporation for the following reasons: (a) The corporation is solvent. (b) The board of directors of a solvent corporation have no authority under the Michigan statutes to make the admission relied upon. (c) The directors of a solvent corporation, being trustees, have no right or power to destroy its existence or dispose of all its assets without express authority from the stockholders. (d) The directors have no authority and no power to dissolve a corporation, except in the manner specifically provided by law.

The answer further sets forth that the Union Trust Company, receiver, has garnished three banks and two motor car companies, in suits in the Wayne circuit court, but denies that any attachments have been issued. It denies that its answer is for purposes of delay. It alleges that the cause is at issue, that it is necessary that an appraisal of the property of the bankrupt be made, and that the bankrupt be required to produce in court its books, papers, and records.

The answer does not deny that the petitioning creditors have claims aggregating $500 and upward, over and above all securities held by them, and this question was not presented on the hearing and is therefore not in issue. The pleadings, although lengthy, present but one question for determination, viz.:

"May the board of directors of a solvent corporation, organized and doing business under the laws of Michigan, commit the act of bankruptcy defined in section 3a (5) of the Act of Congress relating to bankruptcy, viz., 'admit in writing its inability to pay its debts and its willingness to be adjudicated a bankrupt on that ground' ?"

The answer to this question determines every issue raised by the pleading. If the answer be "Yes," then the answer should be stricken from the files and an adjudication made. If "No," then a trial should be had, if there is any question, other than the legal one, to be determined.

[1] Section 1a (19) of the Bankruptcy Law defines persons as "including corporations, except where otherwise specified." Section 3a of the Bankruptcy Law provides that "acts of bankruptcy by a person shall consist," etc. Then follow five distinct acts of bankruptcy, the commission of any one of which by a person (and therefore by a corporation) constitutes a reason for the filing of an involuntary petition. The second and third acts of bankruptcy can be committed only by a person (corporation) where it is insolvent within the meaning of section 1a (15). The first, fourth, and fifth acts of bankruptcy may be committed by a solvent person or corporation, as well as by an insolvent.

It necessarily follows that a solvent corporation may "admit in writing its inability to pay its debts and its willingness to be adjudicated a bankrupt on that ground," and such admission is just and sufficient

cause for an adjudication upon the filing of a petition by the necessary creditors and within the period of four months after such admission. For the purposes of this case it must be conceded, though that fact is in no wise determined, that the bankrupt is, within the meaning of the Bankruptcy Law, a solvent corporation.

[2] If a solvent corporation may commit the fifth act of bankruptcy, may its board of directors, if a Michigan corporation, make such admission? The determination of this question involves an inquiry into the powers of boards of directors of Michigan corporations, for the reason that an admission such as that in question must be an act of the corporation. In re American Guarantee & Security Co. (D. C.) 192 Fed. 405, 27 Am. Bankr. Rep. 640; In re Gold Run Mining, etc., Co. (D. C.) 200 Fed. 162, 29 Am. Bankr. Rep. 563. Under decisions of the Supreme Court of this state a corporation has power, through boards of directors, to make an assignment for the benefit of creditors. Covert v. Rogers, 38 Mich. 363, 31 Am. Rep. 319; Boynton v. Roe, 114 Mich. 401, 407, 72 N. W. 257; Richardson v. Rogers, 45 Mich. 591, 8 N. W. 526.

Under section 35 of the act under which the bankrupt is organized (Pub. Acts 1903, No. 232):

"Said corporation shall be controlled by a board of directors elected by the preferred and common stockholders, except when otherwise provided in the articles of association or amendments thereto."

The directors of a corporation, acting as a board, may borrow money for corporate purposes and issue evidences of indebtedness therefor, such as bonds or notes, and may secure the same by mortgage on the property of the corporation. Detroit v. Gas Co., 43 Mich. 594, 5 N. W. 1039; Joy v. Plank Road, 11 Mich. 155-164.

[3] While the decisions in the various federal courts are at variance regarding the question at issue, there is a uniformity of opinion that the question is to be determined after and from a consideration of the powers of directors under the laws of the state issuing the corporate charter. Black on Bankruptcy (1914) § 145; In re Quartz Gold Mining Co., 157 Fed. 243, 19 Am. Bankr. Rep. 667; Van Emon et al. v. Veal, 158 Fed. 1022, 85 C. C. A. 547; In re Home Powder Co. v. Geis, 204 Fed. 568, 123 C. C. A. 94, 29 Am. Bankr. Rep. 580; In re Riley, Talbot & Hunt, 15 Am. Bankr. Rep. 159 (Mich.); In re C. Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37, 12 Am. Bankr. Rep. 240 (N. Y.); In re Rollins Gold & S. M. Co. (D. C.) 102 Fed. 982, 4 Am. Bankr. Rep. 327; Collier on Bankruptcy (10th Ed.) 107, 108; Remington on Bankruptcy (1910) vol. 3, §§ 44, 167.

In Re Riley, Talbot & Hunt, supra, Referee Davock, of this district, reporting to District Judge Swan upon an involuntary petition referred to him, to take testimony and report the findings of fact and his conclusions of law thereon, found as a matter of law that a board of directors had authority to commit the fifth act of bankruptcy and bind the corporation by such action. 15 Am. Bankr. Rep. 159. Referee Davock's report was approved and confirmed by Judge Swan, and that decision has never been again questioned in this district. No decision has been made on the question involved by the Circuit Court of Ap-

peals of this circuit. This decision settles and determines the law in this district, and would determine the question without further inquiry or comment, but for the contention made by the learned counsel for the intervening creditor that the rule laid down by Referee Davock and approved by Judge Swan is contrary to the cases of In re Bates Machine Co., 1 Am. Bankr. Rep. 129, 91 Fed. 625 (Judge Lowell), and In re Quartz Gold Mining Co., supra, a case decided by the Circuit Court of Appeals of the Ninth Circuit.

In Re Bates Machine Co., supra, a decision by Lowell, District Judge, it is held that under the statutes of Massachusetts governing corporations a board of directors may not bind a corporation by its action in committing the fifth act of bankruptcy. The opinion is based upon an interpretation of the statutes and decisions in Massachusetts that: (1) A board of directors cannot make an assignment for the benefit of creditors. (2) Section 127 of chapter 157 of the Public Statutes of Massachusetts provides that corporations may apply by petition, signed by an officer duly authorized by a vote of a majority of the corporators (stockholders) present and voting at a legal meeting called for the purpose, for the initiation of proceedings in insolvency against the corporation. Speaking of the above statutory provision, Judge Lowell gives his reasons for his opinion as follows:

"This act of the corporation, thus regulated by statute, seems to me very closely analogous to the expression of the corporate willingness to become a bankrupt, required by the Bankrupt Act; and, as the statute provides that a corporation shall not be adjudged insolvent upon its voluntary petition unless that petition has the authority of the stockholders, it follows that the declaration of willingness to become a bankrupt, upon which are based the proceedings in bankruptcy, must also be authorized by the stockholders, whether those proceedings be in form voluntary or involuntary."

Judge Lowell appears also to have been led to the conclusion reached by him by the further fact that when the decision was made no corporation could file a voluntary petition, and the facts in the case led him to suggest that the proceedings were an attempt to evade the provisions of section 4 of the Bankruptcy Law providing that corporations should not have the benefits of the act.

In Re Quartz Gold Mining Co., 157 Fed. 243, 19 Am. Bankr. Rep. 667, affirmed by the Circuit Court of Appeals in Van Emon et al. v. Veal, 158 Fed. 1022, 85 C. C. A. 547, it was held that, under the powers given to boards of directors of corporations by the laws of Oregon, a board of directors had no authority to bind the corporation by an admission under the fifth act of bankruptcy. It is urged by counsel for the intervening creditor that the question here to be determined is ruled by the above decision. In the Quartz Gold Mining Co. Case Judge Wolverton bases his conclusion that a corporation may not, through its board of directors, commit the fifth act of bankruptcy, wholly on the reasoning in the case of In re Bates Machine Co. and on the provisions of the laws of Oregon governing corporations, viz.:

"Any corporation organized under the provisions of this chapter * * * may, at any meeting of stockholders which is called for such purpose, * * * authorize the dissolution of such corporation, and the settling of its business and disposing of its property," etc.

Judge Wolverton, reviewing the cases of In re Bates Machine Co., supra, In re Mutual Mercantile Agency (D. C.) 111 Fed. 152, 6 Am. Bankr. Rep. 607, In re C. Moench & Sons Co., 12 Am. Bankr. Rep. 240, 130 Fed. 685, 66 C. C. A. 37, and other cases, concludes that the doctrine in Re Bates Machine Co. that a corporation which cannot, through its board of directors, make a common-law assignment, cannot, through such board, commit the fifth act of bankruptcy. The opinion of Judge Wolverton was adopted by the Circuit Court of Appeals, on appeal, as its opinion, and the ruling affirmed.

On the other hand, many courts have decided that a board of directors of a corporation may commit the fifth act of bankruptcy and bind the corporation by such act. In re Mutual Mercantile Agency, 6 Am. Bankr. Rep. 607, 111 Fed. 153; In re Moench & Sons Co., 12 Am. Bankr. Rep. 240, 130 Fed. 685, 66 C. C. A. 37; Cresson & Clearfield Coal & Coke Co. v. Stauffer, 12 Am. Bankr. Rep. 573, 148 Fed. 981, 28 C. C. A. 609; In re Peter Paul Book Co. (D. C.) 5 Am. Bankr. Rep. 105, 104 Fed. 786; In re Kelly Dry Goods Co. (Wis. D. C.) 4 Am. Bankr. Rep. 528, 102 Fed. 747; In re M. M. & Co., 1 Am. Bankr. Rep. 421, 91 Fed. 630; In re Lisk Mfg. Co. (D. C.) 167 Fed. 411, 21 Am. Bankr. Rep. 674; Home Powder Co. v. Geis (C. C. A. 8th Cir.) 29 Am. Bankr. Rep. 580, 204 Fed. 568, 123 C. C. A. 94.

A review of all of the cases sustaining the rule that a board of directors may make the admission which constitutes the act of bankruptcy here in question would avail little, if anything. The cases all agree that the board of directors may make such admission if, under the laws of the state, they could make an assignment for the benefit of creditors and thereby commit the fourth act of bankruptcy. Some cases go even further. The differences between the cases from the several districts are therefore more apparent than real. As previously suggested, a board of directors of a Michigan corporation may make, or authorize the making of a common-law assignment. It follows that a board of directors in Michigan, under the reasoning in all of the adjudicated cases, can commit the fifth act of bankruptcy.

[4, 5] One other contention by the intervening creditor should be considered. It is insisted that the bankrupt in this case is solvent, and that a board of directors of a solvent corporation cannot take any action to dissolve or wind up the affairs of such corporation, nor to destroy its existence or dispose of all its assets. This contention is fully met by the fact that solvency is no defense to a petition charging the fifth act of bankruptcy (West Co. v. Lea, 174 U. S. 594, 19 Sup. Ct. 836, 43 L. Ed. 1098), and also that an adjudication in bankruptcy does not dissolve a corporation or terminate its existence. Morley v. Thayer (C. C.) 3 Fed. 737; Chem. Nat. Bank v. Hartford Dep. Co., 161 U. S. 1, 16 Sup. Ct. 439, 40 L. Ed. 595.

I am clearly of the opinion that, under the laws and decisions of Michigan, a board of directors of a corporation may commit the fifth act of bankruptcy, the act set forth in the petition for adjudication. There being no question raised as to the facts, and this being the only question involved, it follows that the motion to strike the answer from the files and for an adjudication of bankruptcy should be granted.

Orders will be entered in accordance with the foregoing.