## In re COHN et al.

### BLUMENTHAL et al. v. STRAT et al.

(Circuit Court of Appeals, Third Circuit. December 1, 1915.)

No. 2009.

1. BANKRUPTCY ☞89—INVOLUNTARY PROCEEDINGS—ADMISSION OF INABILITY—ANSWER.

While solvency of the debtor is no ground for creditors opposing an adjudication in involuntary bankruptcy, where the act of bankruptcy relied on by the petitioning creditors is the written admission, referred to in the statute (Act July 1, 1898, c. 541, 30 Stat. 544), by the debtor of his inability to pay his debts and of his willingness to be adjudged bankrupt on that ground, yet they may set up that the proceedings are the result of fraud and collusion between the debtor and petitioners.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. ☞89.]

2. BANKRUPTCY ☞89—INVOLUNTARY PROCEEDINGS—ANSWER—FRAUD.

The answer of opposing creditors to petition in involuntary bankruptcy, based on the debtor's written admission of inability to pay debts and consent to adjudication on that ground, held not to sufficiently aver fraud and collusion between the debtor and petitioning creditors, of which the proceedings were the result, but to confuse a collusive scheme to benefit by the act (a subject outside the statute) and an unlawful devise in violation of the act, and by its charges, even if sufficiently specified, to do no more than set forth an offense against the bankruptcy law itself, concealment of goods and preferences, with which the trustee is especially equipped to deal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 120–122; Dec. Dig. ☞89.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

In the matter of Alexander B. Cohn and others, bankrupts. From an order of adjudication on the petition of Jacob Blumenthal and others, answered by Benjamin L. Strat and another, creditors, said answering creditors appeal. Affirmed.

George F. Deiser, of Philadelphia, Pa., for appellants.

Alfred Aarons and Henry N. Wessel, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This was a case of involuntary bankruptcy. The petition averred a written admission of inability to pay debts and a consent to adjudication on that ground. In opposition two creditors appeared and filed an answer, which was pronounced

insufficient. (D. C.) 220 Fed. 956. An amended answer was then filed, and this also was overruled in the following unreported opinion (Dickinson, District Judge):

"Counsel for answering creditors had applied for leave to file an amended answer before the order of adjudication had been made. The fact of such application, however, had escaped our attention at the time the adjudication was ordered. Leave is now granted to file the amended answer. With the amended answer before us we now dispose of the case as upon a reargument. As before ruled, the creditors are within their rights in filing an answer to the petition. They are justified in the assertion of this right, if for no other reason than that their promptness and alertness in asserting their position may be shown by the record. The averments of the amended answer, however, do not change the judgment before reached that the adjudication must be ordered and that the rights of the responding creditors are not impaired thereby. The averments of the answer are still short (as under the facts they necessarily must be) of a denial of the averments of the salient facts of the petition. There is a denial by the answer of the insolvency of the alleged bankrupt, but no denial, as there cannot be, of the fact of the admission in writing of their inability to pay their debts, etc. There is also an averment in the answer that the claims of the petitioning creditors are not truly set forth, but no issue raised or tendered that the petitioning creditors are less in number or amount of claims than required by the provisions of the bankruptcy statutes. The averments of the petition, calling as they do, if unanswered, for an order of adjudication, being unanswered, it follows that the order must be made.

"To preserve the regularity of the record of the proceedings, the order [of adjudication] as originally made is vacated, and an order of adjudication now made so as to postdate the filing of the amended answer."

On this appeal no question needs to be discussed, except the sufficiency of the amended answer. It is, of course, agreed that any creditor whose interest may be adversely affected by the decree may oppose an involuntary petition, and where, as here, the dispute is heard on petition and answer, the averments of the answer are to be taken as true. Moreover, the point is settled that the question of solvency or insolvency is immaterial where the act of bankruptcy is the written admission referred to in the statute. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098; Re Moench & Sons (C. C. A. 2d Cir.) 130 Fed. 685, 66 C. C. A. 37. But, even if this be the act averred, the opposing creditors may still set up that the proceedings are the result of fraud and collusion between the bankrupt and the petitioners. The opposing creditors may not be able to deny the genuineness of the bankrupt's admission, but certainly they may still assert that even a genuine admission is in aid of a collusive scheme. Accordingly, if the amended answer now before us sufficiently avers fraud and collusion between the bankrupts and the petitioning creditors, a proper issue was tendered that called for disposal. Turning, therefore, to the answer, we find its substance to be as follows: On information and belief it alleges in the most general terms:

"That the said proceedings are collusive, and are brought by fraudulent collusion between the petitioning creditors and the bankrupt; * * * that the said petition in bankruptcy has been filed for the purpose of defrauding creditors of the said alleged bankrupts."

But, as the need of making these charges specific was evidently recognized, the answer attempts to specify by averring that, although

the bankrupts were and are solvent, they were claiming to be insolvent within four or five weeks before the petition was filed, and were at that time "negotiating with the petitioning creditors for a settlement of their affairs"; averring, further, that notwithstanding these facts the bankrupts bought large stocks of goods in September, October, and November, 1914, while they were claiming to be insolvent, and while they were holding meetings for the settlement of their affairs. The answer goes on to set forth, on information and belief, that:

"Certain of the petitioning creditors have an understanding" (without stating with whom the understanding exists) "by which, if all creditors accept 20 per cent. of their claims in full settlement thereof, that the said petitioning creditors will *withdraw their own claims*" (without explaining what is meant by the phrase we have italicized).

The averment follows that:

"Some of the petitioning creditors have set forth claims for amounts less than is really due to the said creditors with a view to maintaining securities or private settlements which they have privately made with the bankrupts" (without averring that the bankrupts were party to such statements, and without explaining how such action by the petitioning creditors could advance a scheme to begin a fraudulent proceeding).

The charge just quoted is repeated in another form:

That the same creditors "have filed claims for less than the amount actually due for the purpose of obtaining unlawful preferences" (which, if true, would merely expose these creditors to the risk of having their preferences set aside by the trustee).

And, finally, the general charge is made:

"That the said alleged bankrupts have bought large stocks of goods, claiming at the time that they were insolvent."

This is a summary of the answer, and we think no further discussion is needed. However benevolently such charges may be regarded, it seems to us that these are too vague and indefinite to require investigation. Even if sufficiently specified, they do no more than set forth offenses against the bankruptcy law itself—concealment of goods and preferences—with which the trustee is specially equipped to deal. The answer appears to confuse two distinct subjects—a collusive scheme to benefit by the act (a subject outside of the statute), and an unlawful device in violation of the act—and is fatally defective.

For this reason the order complained of was right and is hereby affirmed.