In re MOHAWK WEAVING MILLS, Inc.

(District Court, N. D. New York. August 1, 1921.)

Bankruptcy ⊂⇒61—Resolution of corporation sufficient to warrant adjudication.

In the absence of fraud or collusion, a resolution passed by the directors of a corporation, admitting its inability to pay its debts and asking that it be adjudged a bankrupt, is sufficient to warrant an adjudication, and the question of its solvency is immaterial.

In Bankruptcy. In the matter of the Mohawk Weaving Mills, Inc., alleged bankrupt. On petition and answer of objecting stockholder. Order of adjudication.

James H. Merwin, of Utica, N. Y., for objecting creditor.

M. William Bray, of Utica, N. Y. (L. G. Fowler, of Utica, N. Y., of counsel), for bankrupt.

COOPER, District Judge. A resolution was passed by a majority of the directors of the Mohawk Weaving Mills, Inc., admitting its inability to pay its debts, and asking that it be adjudged a bankrupt. The petition in bankruptcy was traversed by Thomas J. Green, a stockholder, by whose answer insolvency was denied, and who also alleged that the resolution admitting the corporation's inability to pay its debts was not duly passed. The matter was referred to a special master, who reported that a meeting was duly called, at which Green was present and the resolution adopted. Green now, at the application for confirmation of the report, for the first time questions the good faith of the proceedings, and sets forth by innuendo that the sole purpose of the bankruptcy is to liquidate the affairs of the corporation for the purposes of a reorganization.

Where a corporation, in the absence of fraud or collusion, adopts a resolution to authorize creditors to institute bankruptcy proceedings, it is sufficient to warrant an adjudication. See In re Lisk Mfg. Co. (D. C.) 167 Fed. 411; West Co. v. Lea, 174 U. S. 590, 594, 19 Sup. Ct. 836, 43 L. Ed. 1098. As stated by Judge Holt, while sitting in the Southern district in this state, in Re Duplex Radiator Co. (D. C.) 142 Fed. 906:

"The referee's report discusses, at some length, the question whether this corporation was solvent; but when the act of bankruptcy alleged is an admission in writing of inability to pay debts and willingness to be adjudged a bankrupt on that ground, the question of insolvency is immaterial."

In Re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37, it was held that, where a corporation admits in writing its willingness to be ad-

judged a bankrupt, and thereupon requests certain creditors to file an involuntary petition, it constitutes no ground of defense to the proceedings by a creditor who opposes the adjudication. In Re Dressler Producing Corporation (C. C. A.) 262 Fed. 257, 259, Judge Manton states the settled rule as follows:

Where the act of bankruptcy is a written admission, as the statute provides (section 3a [5], being Comp. St. § 9587), the question of solvency is immaterial."

To the same effect are Home Powder Co. v. Geis, 204 Fed. 570, 123 C. C. A. 94; Matter of Cohn, 227 Fed. 843, 142 C. C. A. 367; Albers Commission Co. v. Richter, 251 Fed. 870, 164 C. C. A. 85.

If there was any collusion or fraud, Green failed to show it at the master's hearing. Moreover, he never raised the issue in his answer, and what he failed to do when afforded the opportunity he should not be permitted to assert by insinuation.

The report of the special master should be confirmed, and an order of adjudication in bankruptcy be entered.