## In re L. HUMBERT CO.

(District Court, N. D. Iowa, W. D. March 30, 1900.)

1. BANKRUPTCY—ADJUDICATION—TIME TO APPEAR AND PLEAD.

On a petition in involuntary bankruptcy against a corporation, there can be no adjudication, or reference of the case by the clerk to the referee, on a written admission by the respondent of the acts of bankruptcy charged, and a waiver of service and of the time for appearance. Since creditors, as well as the alleged bankrupt, have the right to appear and plead to the petition within 10 days after the return day, that day must be fixed by the issuance of a subpœna, and the case must remain in the clerk's office until the 10 days have expired.

2. SAME—REFERENCE OF CASE TO REFEREE.

Under Bankr. Act 1898, § 18f, the clerk cannot refer a petition in involuntary bankruptcy to the referee for adjudication, except in cases where no issue is made by the bankrupt or any creditor upon the facts averred in the petition, and where the judge is absent from the district, or from the division of the district where the petition is filed, on the next day after the last day on which pleadings may be filed.

In Bankruptcy. On petition for adjudication in involuntary bankruptcy against the respondent corporation.

A. E. Strong and E. P. Farr, for petitioning creditors.

SHIRAS, District Judge. In this case a petition, signed by three creditors, has been filed, asking that the L. Humbert Company, a corporation created under the laws of Iowa, be adjudged to be bankrupt. In the name of the corporation there has been filed a written admission of the acts of bankruptcy charged in the petition, and a

stipulation waiving service of subpœna, waiving the time for appearance, and entering an appearance to the petition. In this condition of the record, the clerk asks the instruction of the court upon the question whether further notice of the pendency of the proceedings must be given, or whether the case can be at once sent to the referee for adjudication; the judge being absent from the division of the district wherein the case is pending.

Under the express provisions of section 4 of the bankrupt act, a corporation cannot be a voluntary bankrupt; and, therefore, to secure a valid adjudication against a corporation the requirements of section 18 must be observed. Under this section the right to contest the facts upon which the adjudication is asked is secured, not only to the alleged bankrupt, but also to any of the creditors; and to that end it is provided that the bankrupt or any creditor may appear and plead to the petition within 10 days after the return day, or within such further time as the court may allow. As the 10-day period allowed for pleading to the petition dates from the return day, it is necessary that this day be fixed by the issuance of a writ of subpœna, in which the return day is named, as required by rule 12 of the general rules in equity promulgated by the supreme court. Formal service of the subpœna may be waived, by a proper and authorized acceptance of service being entered thereon by the alleged bankrupt, but in the case of corporations actual service of the writ obviates all question upon the right of a corporate official to accept service of process in a case attacking the existence of the corporation. The return day having been thus fixed, then the case must remain in the clerk's office until the expiration of the 10 days allowed to the bankrupt or any creditor to appear and contest the facts averred in the petition. A waiver on the part of the bankrupt of this period of time cannot deprive creditors of the right to appear in opposition to the petition, and until that time has elapsed it cannot be known whether a contest will or will not be made on behalf of creditors. If a contest is made on behalf of the bankrupt or any of the creditors, then the issues presented thereby must be tried by or before the judge. Under the provisions of section 18 of the act, the clerk cannot send a case of involuntary bankruptcy to the referee for adjudication, except in cases wherein no issue is made by the bankrupt or any creditor upon the facts averred in the petition, and the judge is absent from the district or division thereof wherein the case is pending on the next day after the last day on which pleadings may be filed; and these necessary conditions cannot be ascertained except by fixing a proper return day in the mode already pointed out, and then awaiting the lapse of the 10-day period allowed for filing pleadings in opposition to the petition for adjudication.