### In re WESTERN INV. CO.

#### (District Court, E. D. Oklahoma. November, 1908.)

**1.** BANKRUPTCY (§ 100*)—ADJUDICATION—VALIDITY.

Where a creditor did not offer to plead to the original bankruptcy petition, but expressed himself as willing that the adjudication should stand, only desiring a change of referee, the adjudication was not invalidated because it was made without the issuance of a subpœna and the lapse of time incident to awaiting the return day and five days thereafter.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 142; Dec. Dig. § 100.*]

**2.** BANKRUPTCY (§ 100*)—VOLUNTARY APPEARANCE—WAIVER OF PROCESS.

Bankruptcy Act July 1, 1898, c. 541, § 18, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), providing for process, pleadings, etc., in bankruptcy, does not preclude a waiver of process and an adjudication on the same day the petition is filed on the bankrupt's voluntary appearance and answer admitting bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 141; Dec. Dig. § 100.*]

**3.** BANKRUPTCY (§ 222*)—REFERENCE—PARTICULAR REFERENCE—CONVENIENCE OF PARTIES.

Bankruptcy Act July 1, 1898, c. 541, § 22, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), provides that the judge may refer the proceeding generally to any referee within the territorial jurisdiction of the court, if the convenience of the parties in interest will be served thereby, or for cause, or if the bankrupt does not do business, reside, or have his domicile in the district. Held, that the judge is thereby authorized in his discretion to refer the proceedings to any referee within the territorial jurisdiction of the court to subserve the convenience of the parties, none of the referees in the district being personally disqualified.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 222.*]

W. A. Brigham, for petitioner Weer.

Hutchings, Murphy & German, for other petitioners.

Allen & Pinson, for bankrupt.

---

CAMPBELL, District Judge. On May 6, 1908, the Farmers' & Merchants' Bank of Coweta, Okl., and other petitioning creditors filed in this court their petition praying that the Western Investment Company, a mercantile corporation of Coweta, Wagoner county, Okl., be adjudged a bankrupt. Among other things set forth in said petition is the following:

"And your petitioners further represent that said the Western Investment Company is insolvent, and that within four months next preceding the date of this petition the said the Western Investment Company committed an act of bankruptcy, in that it did heretofore, to wit, on the 6th day of May, A. D. 1908, admit in writing its inability to pay its debts and its willingness to be adjudged a bankrupt on that ground, the said admission having been signed by W. C. Edwards, president of said corporation, and is in words and figures as follows, to wit:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

" 'The board of directors of the Western Investment Company, having by resolution duly passed at a regular meeting of said board, resolved and declared that it was unable to pay its debts and was willing to be adjudged a bankrupt on that ground, as president of said company, which is a corporation organized and doing business as a mercantile company, I hereby declare that said company is unable to pay its debts and is willing to be adjudged a bankrupt on that ground. In witness whereof I have hereunto set my hand this sixth day of May, 1908.

" '[Signed]                              W. C. Edwards, President.'

—the foregoing notice and declaration having been on the 6th day of May, 1908, delivered to each of the foregoing petitioning creditors, each of them having received a notice and declaration which was in words and figures identical with that copied above."

On the same day the bankrupt filed its "Appearance and Waiver of Process," which (omitting caption) is as follows:

"Comes now the Western Investment Company, a corporation, by W. C. Edwards, its president, and enters the personal appearance of the said corporation in the above-entitled cause, and hereby waives the issuance and service of subpœna and of a copy of the petition of the petitioning creditors upon said corporation.

"And .the said corporation represents unto the court that the averments contained in said creditors' petition are true, and it admits that it is insolvent, and that it has committed an act of bankruptcy in the passage of a resolution admitting its inability to pay its debts and consenting that it may be adjudged a bankrupt on that ground; and it hereby waives all the legal requirements, and consents that an adjudication that it is a bankrupt may be entered by the court in the above-entitled cause immediately."

Thereupon, upon presentation to the court, an order of adjudication was entered, directing that the matter be referred to Ezra Brainerd. referee at Muskogee, Muskogee county, Okl. The referee in bankruptcy for the referee district in which Wagoner county is situated is W. O. Rittenhouse, of Wagoner, in said county. John A. Weer, claiming to be a judgment creditor of said bankrupt by virtue of a judgment for $20,142.57, rendered on the 2d day of May, 1908, in the district court of said Wagoner county, filed in this court on May 15, 1908, his petition praying an order of the court discharging said Ezra Brainerd, referee, and a reference of the cause of W. O. Rittenhouse, the referee in said Wagoner county. In the meantime, the referee, Brainerd, has appointed a receiver in said cause, pending election of a trustee, and has set the first meeting of creditors for May 28, 1908, at Muskogee, and has issued notices accordingly. A response to said petition is filed by all the petitioning creditors originally instituting the proceedings, representing that the convenience of the parties in interest will be best subserved by permitting the cause to continue in the hands of the referee at Muskogee, and praying that the prayer of the petition be denied.

During the hearing of this matter, counsel for petitioner raised the point that the adjudication was improvidently made, and contending that subpœna should first have issued and that five days after the return day thereof should have been allowed to elapse to permit such creditors as might desire to appear and plead to the petition before adjudication; citing In re Humbert Co. (D. C.) 4 Am. Bankr. Rep. 76, 100 Fed. 439. While it may be, as indicated by the case cited, that such would be the better practice, still, in view of the fact that

petitioner does not offer to plead to the original petition, but expresses himself as willing that the adjudication shall stand, but only desires a change of referees, that objection can have no bearing on this case. The adjudication is not in any way invalidated by reason of having been made without the issuance of subpœna and the lapse of time incident to awaiting the return day and five days thereafter.

"Nor can there be want of jurisdiction over the subject-matter because the adjudication was had on the same day that the petition and answer were filed. There is nothing in section 18 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), which precludes a waiver of process, a voluntary appearance of the bankrupt, and an answer admitting bankruptcy on the day the petition is filed. An adjudication on a voluntary appearance and an answer admitting the averments of the petition would certainly conclude the bankrupt who entered the appearance and filed the answer. It may be when an adjudication has been made without service of process, and before the expiration of 15 days, that the creditors might, upon seasonable application, procure an order vacating the adjudication so far as to allow them to plead and be heard in opposition to the petition. But such right must be exercised with reasonable promptness after actual or constructive notice of the adjudication. In the present case neither the bankrupt nor any creditor is objecting to the adjudication. Their acquiescence shows that they are content." In re Columbia Real Estate Co. (D. C.) 4 Am. Bankr. Rep. 419, 101 Fed. 965.

The bankruptcy act (section 22) provides as follows:

"After a person has been adjudged a bankrupt the judge may cause the trustee to proceed with the administration of the estate or refer it (1) generally to the referee or specially with only limited authority to act in the premises or to consider and report upon specified issues; or (2) to any referee within the territorial jurisdiction of the court, if the convenience of the parties in interest will be served thereby, or for cause, or if the bankrupt does not do business, reside, or have his domicile in the district."

It will be noted that the court may refer the cause "to any referee within the territorial jurisdiction of the court, if the convenience of the parties in interest will be served thereby, or for cause," etc. It is a matter within the discretion of the court, guided by what appears to be the convenience of the parties in interest. As said in Collier on Bankruptcy, p. 259:

"The judge is not bound to refer the case to the referee whose district includes the bankrupt's domicile. Thus, cases often arise where a majority of creditors reside in one referee district and the bankrupt in another. It would then be clearly 'for the convenience of parties in interest' to refer the case to the referee where the creditors reside. So, also, when a referee is disqualified, as by being the attorney for the bankrupt or by relationship, the reference will be ordered elsewhere 'for cause.' Likewise, if, in the words of the statute, 'the bankrupt does not do business, reside or have his domicile in the district.' The only real limitations as to the personnel of the referee, then, seems to be that he must be (a) a duly appointed referee in bankruptcy, and (b) of the same jurisdiction as the court."

Both the referee at Wagoner and the referee at Muskogee I know to be gentlemen of integrity and ability, and, whether this cause shall remain at Muskogee or shall be transferred to Wagoner, it will, in either event, so far as the referee is concerned, be conscientiously and capably conducted, and the question is therefore purely a question of convenience of interested parties. On the part of petitioner, the only interested party appearing is the petitioner himself, who, as heretofore

stated, appears as a judgment creditor in the sum of $20,142.57. As opposed to the petitioner and praying that the cause remain with the referee at Muskogee, the bankrupt appears, by its attorney, and also appear the petitioning creditors in the original petition in bankruptcy, representing amounts largely in excess of the amount represented by the petitioner herein, one of whom is the First National Bank of Wagoner. It appears that, as the trains now run, Muskogee and Coweta are more accessible to each other than Wagoner and Coweta, with the consequent items of time consumed and necessary railroad fare and hotel bills in favor of Muskogee. It is also reasonably to be expected from the character and magnitude of this case that appeals will be taken from time to time from the referee to the judge, which will no doubt be facilitated if the cause is pending in Muskogee rather than at a distance. After a careful consideration of this matter, I am convinced that, considering all the parties in interest, their convenience will be best served by permitting this cause to remain with the referee at Muskogee, and, so finding, it is my duty under the law to deny the prayer of the petition herein.

It is therefore ordered that the prayer of petitioner be denied, and that Ezra Brainerd, referee at Muskogee, proceed with the cause.