B-R ELECTRIC & TELEPHONE MFG. CO. et al. v. ÆTNA LIFE INS. CO. et al.

SAME v. SOUTHWESTERN ENGINEERING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. June 24, 1913.)

Nos. 3,876 and 127.

1. BANKRUPTCY (§ 440*)—APPEAL—DECISIONS REVIEWABLE.

Under Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), authorizing appeals to the Circuit Court of Appeals from judgments adjudging or refusing to adjudge a defendant bankrupt, granting or denying a discharge, or allowing or rejecting a debt or claim of $500 or over, no appeal lies from an order refusing to vacate and set aside an adjudication in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

2. BANKRUPTCY (§ 444*)—REVISION OF ORDERS BY APPELLATE COURT—SCOPE OF REVIEW.

Under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), providing that the Circuit Court of Appeals shall have jurisdiction in equity to superintend and revise, in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction, on a petition to revise an order refusing to vacate an adjudication in bankruptcy, the appellate court could not consider the evidence in the record, but could only determine, as matter of law, whether on the face of the papers filed the petitioning creditors had a right to come in and defend as against the involuntary petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–927; Dec. Dig. § 444.*

Appeal and review in bankruptcy cases, see note In re Eggert, 43 C. C. A. 9.]

---

3. BANKRUPTCY (§ 88*)—INVOLUNTARY PROCEEDINGS—RIGHT OF CREDITORS TO DEFEND.

Under Bankr. Act July 1, 1898, c. 541, § 18b, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), providing that the bankrupt or any creditor may appear and plead to the petition within five days after the return day, or within such further time as the court may allow, creditors have an absolute right to appear and contest an involuntary petition within five days after the filing thereof, or, where no process is issued, within a reasonable time, and any order of adjudication made within such time is voidable as to them, even though the bankrupt voluntarily appears and consents to the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. § 88.*]

4. BANKRUPTCY (§ 100*)—INVOLUNTARY PROCEEDINGS—RIGHT OF CREDITORS TO DEFEND.

At the time of filing of involuntary petition in bankruptcy there was also filed a voluntary appearance, a waiver of the issuance and service of subpœna, and a consent that an adjudication might be made, executed in the name of the bankrupt, by its attorney, whereupon an order of adjudication was made. Thereafter by its president it filed an answer denying the allegations of the petition and demanding a jury trial. No process was issued, and, without any unreasonable delay, other creditors filed a petition asking that the adjudication be vacated, in which it was alleged that they were creditors of the alleged bankrupt, that the bankrupt had more than 12 creditors, that the attorney who filed the consent to the adjudication was unauthorized, and that the alleged bankrupt was not insolvent. *Held* that, although the petition to vacate was not technically an answer and the petitioners did not formally ask to defend the involuntary petition, they should have been permitted to come in and defend, and it was improper to force them to try whether the allegations in the petition to vacate were true, instead of hearing and determining the facts set forth in the involuntary petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 131, 141–144; Dec. Dig. § 100.*]

Appeal from and Petition to Revise Order of the District Court of the United States for the Eastern District of Oklahoma.

Petition by the B–R Electric & Telephone Manufacturing Company and another to vacate an order adjudicating the Southwestern Engineering Company bankrupt, on the petition of the Ætna Life Insurance Company. To review an order denying the petition, the petitioners appeal, and also petition to revise. Appeal dismissed, and orders vacated on the petition to revise.

Roach & Bradley, of Muskogee, Okl., for appellants and petitioners.
Martin, Bush & Moss, of Tulsa, Okl., for Ætna Life Ins. Co.
A. J. McCarthy, of Oklahoma City, Okl., for Southwestern Engineering Co.
Charles A. Loomis, of Kansas City, Mo., for appellant and petitioner in Nos. 3,877 and 128.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

CARLAND, Circuit Judge. [1] The above-entitled case has been brought here both by appeal and by petition to revise. The order which is sought to be revised is an order made July 15, 1912, by the

United States District Court for the Eastern District of Oklahoma, refusing to vacate and set aside an adjudication in bankruptcy made by the same court June 13, 1912. A motion has been made to dismiss the appeal, for the reason that the order is not appealable under the provisions of section 25a of the Bankruptcy Act. That section provides for appeals to this court in the following cases: 1. From a judgment adjudging or refusing to adjudge a defendant a bankrupt. 2. From a judgment granting or denying a discharge. 3. From a judgment allowing or rejecting a debt or claim of $500 or over. We think it is clear that the appeal must be dismissed, as the order appealed from is not one of the judgments mentioned in the law above quoted. In the case of In re Ives, 113 Fed. 911, 51 C. C. A. 541, the Circuit Court of Appeals for the Sixth Circuit held that an order sustaining a demurrer to a petition filed for the purpose of vacating an adjudication was not appealable.

[2] We now turn to the petition to revise. Section 24b of the Bankruptcy Act provides that the several Circuit Courts of Appeals shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. It will be seen that the statute limits our jurisdiction to that of superintending and revising in matter of law, etc. The record presented on the petition to review hereinbefore referred to presents the following facts:

On June 13, 1912, the Ætna Life Insurance Company filed in the District Court of the United States for the Eastern District of Oklahoma a petition asking said court to adjudge the Southwestern Engineering Company an involuntary bankrupt. The petition alleged two acts of bankruptcy, as follows: That said Southwestern Engineering Company, on or about the 8th day of June, 1912, paid to the Builders' Material Supply Company, one of its creditors, large sums of money, the exact amount of which your petitioner is unable to state, to apply upon its account, or in payment in full of its account, which payment was made by said Southwestern Engineering Company with intent to prefer said Builders' Material Supply Company, and that said sums were received by said Builders' Material Supply Company with knowledge that the said Southwestern Engineering Company was insolvent and that the same was an unlawful preference. That on the same day said Southwestern Engineering Company paid to the American Water Softener Company, one of its creditors, large sums of money, under the same circumstances and conditions as above set forth with reference to the Builders' Material Supply Company.

At the same time the above petition was filed the Southwestern Engineering Company filed a waiver of the issuance and service of subpœna and entered its voluntary appearance in said cause, consenting that the same might be heard at once and that an adjudication in bankruptcy be immediately made. At the same time said Southwestern Engineering Company also filed an answer to the above petition, admitting the allegations thereof, and consenting that an adjudication in bankruptcy be made at once and without further notice, whereupon an order of adjudication was made. The waiver of issuance of pro-

cess was signed by A. J. McCarthy, attorney for Southwestern Engineering Company, and the answer of said company was also signed in the same manner. On June 22, 1912, the Southwestern Engineering Company, by J. B. Davidson, president, filed an answer to the petition of the Ætna Life Insurance Company wherein it denied the acts of bankruptcy set forth in the petition, denied that it was insolvent, denied that it had less than 12 creditors, and prayed that the issues thus made might be inquired into by a jury.

On July 13, 1912, the B-R Electric & Telephone Manufacturing Company and P. O. Draper filed a petition in the bankruptcy proceeding asking that the order of adjudication made on June 13, 1912, be vacated and set aside. Petitioners alleged that they were creditors of the Southwestern Engineering Company, one in the sum of $888.50, and the other in the sum of $280; that said Southwestern Engineering Company had, at the time of the filing of the petition in bankruptcy more than 12 creditors; that A. J. McCarthy, the attorney who filed the first answer and consented to an adjudication on the part of the Southwestern Engineering Company, was not authorized so to do; and that the Southwestern Engineering Company was not insolvent. On the same day the Southwestern Engineering Company, by J. B. Davidson, its president, filed a petition to set aside the order of adjudication hereinbefore mentioned.

No pleadings of any kind were filed in answer to these petitions. The court, however, proceeded, not to hear and determine the facts set forth in the involuntary petition filed by the Ætna Life Insurance Company, but to hear and determine whether the facts set forth in the petitions filed for the purpose of having the order of adjudication vacated and set aside were true. After hearing evidence it made the order of which complaint is made. On the petition to revise we may not consider the evidence in the record, but may determine as matter of law whether on the face of the papers filed the creditors had a right to come in and defend as against the involuntary petition filed by the Ætna Life Insurance Company.

[3] Section 18b of the Bankruptcy Act provides that the bankrupt or any creditor may appear and plead to the petition within five days after the return day, or within such further time as the court may allow. As the creditors of the Southwestern Engineering Company had a right under the law to resist the petition of the Ætna Life Insurance Company, an adjudication, even though the bankrupt voluntarily appeared and consented to it, ought not to have been made until at least five days had elapsed after the filing of the involuntary petition, so that any creditor desiring to come in and defend might have done so. We do not mean to decide that the order of adjudication was void as to the alleged bankrupt, if it voluntarily appeared and consented to it, but only that it is voidable by the petitioning creditors herein. In re Humbert (D. C.) 100 Fed. 439; In re Columbia Real Estate (D. C.) 101 Fed. 965; In re American Brewing Company, 112 Fed. 752, 50 C. C. A. 517; In re Western Investment Co. (D. C.) 170 Fed. 677.

[4] No process having issued when the involuntary petition was filed, nor thereafter, no creditor could be defaulted, if application were seasonably made to come in and defend. The creditors' petition to vacate and set aside the order of adjudication was not technically an answer, nor did such creditors formally ask to defend the involuntary petition; but we think it plainly appeared that it was the purpose of the creditors to contest the involuntary petition. The law gave to the petitioning creditors the absolute right to appear and plead to the involuntary petition. If there had been any process issued on the petition, the time for appearing would have been limited to five days; but, as there was no process issued, the creditors could come in within a reasonable time and plead, and we think in the case at bar the petitioning creditors were not guilty of any unreasonable delay. If a party who files an involuntary petition desires to put in default all those persons who have a right to appear and plead to the petition, he should issue the usual subpœna, and then the law fixes the time within which every one who has a right to plead may appear; otherwise, the adjudication will not be binding on those who do not consent to it if they appear within a reasonable time and ask to plead.

We think on the face of the record the petitioning creditors were entitled to come in and defend as against the petition of the Ætna Life Insurance Company, and should not have been forced to try whether the allegations in their petition were true or not, especially when the Southwestern Engineering Company, through its president, had filed an answer demanding a jury trial. We are therefore of the opinion that the order of July 15, 1912, denying the motion to set aside the judgment of adjudication, should be vacated and set aside, and the petitioning creditors allowed to come in and defend as against the involuntary petition of the Ætna Life Insurance Company, and that the order of adjudication should also be vacated and set aside as to the petitioning creditors. And it is so ordered.

By stipulation of the parties, the same order will be made in No. 3,877 and No. 128 original.