## In re GIBNEY TIRE & RUBBER CO.

(District Court, E. D. Pennsylvania. May 7, 1917.)

### No. 6057.

1. BANKRUPTCY �köö100(2)—INVOLUNTARY PROCEEDINGS—TIME FOR ADJUDICATION.

Under the provision of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, allowing five days beyond the return day of the subpœna within which creditors may intervene and answer the petition, an adjudication made prior to the expiration of the five days is premature as against creditors who have not yet intervened and voidable at their instance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

2. BANKRUPTCY ⊛100(1)—ADJUDICATION—CONCLUSIVENESS.

Like any other judgment, an adjudication in bankruptcy is conclusive upon parties of whom the court has jurisdiction and their privies.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 60, 142, 143.]

3. COURTS ⊛96(1)—DECISIONS AS PRECEDENTS—FEDERAL COURTS.

In the absence of any conflicting ruling in the Third Circuit, a ruling of the Circuit Court of Appeals for another circuit will be followed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325, 327, 334.]

4. BANKRUPTCY ⊛100(2)—ADJUDICATION—VACATION—PETITION.

In an involuntary bankruptcy proceeding based on the bankrupt's admission in writing of its inability to pay its debts and its willingness to be adjudged a bankrupt, an adjudication was made within five days after the return day of the subpœna, and creditors who had not then intervened subsequently filed a petition to vacate the adjudication and permit them to defend, alleging only the solvency of the alleged bankrupt. *Held* that, while such solvency would not prevent an adjudication on the ground upon which the proceeding was based, this was not a sufficient reason for refusing to vacate the adjudication, as creditors seeking the vacation of an adjudication prematurely entered are not required to show facts constituting a good answer to the bankruptcy petition, and their allegation as to solvency was not intended to serve as an answer, but to show a substantial right on their part to intervene.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 131, 144.]

In Bankruptcy. In the Matter of the Gibney Tire & Rubber Company, alleged bankrupt. On motion to vacate adjudication. Adjudication vacated as to intervening creditors.

Reuben O. Moon and Francis J. Maneely, both of Philadelphia, Pa., for objecting creditor.

Sidney S. Meyers, of New York City, and Randolph W. Childs, of Philadelphia, Pa., for petitioning creditors.

John Hampton Barnes, of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. [1] The ground of bankruptcy averred in the petition is that designated as "5" in Bankr. Act, § 3, subsec. "a" (Comp. St. 1916, § 9587), to wit, an admission in writing of the inability of the alleged bankrupt to pay its debts and its willingness to be adjudged a bankrupt. The process section of the act (Comp. St. 1916, § 9602) allows five days beyond the return day of the subpœna within which creditors may intervene as parties and as such file answer to the petition. The adjudication here was prior to the expiration of

the five days. The entry of judgment as affecting creditors who have not·as yet intervened as parties was premature, in that they were deprived of the right accorded. them .by the act of Congress. The petition in bankruptcy, in addition to the statutory ground upon which an adjudication could be based, averred the insolvency of the alleged bankrupt. A creditor then moved the court to open or vacate the judgment of adjudication, basing the motion upon the denial of the right of creditors above mentioned, and asserting the judgment to be void. It avêrs the alleged bankrupt not to be insolvent, and that it is possessed of .assets to such an amount as to enable it to pay its debts in full. There is no specific denial of the fact that the alleged bankrupt had made the admission set forth as the ground of bankruptcy. The present motion is resisted on the ground that it is accompanied with no averment which would legally suffice to halt a decree of adjudication.

[2] The question which arises out of this motion is thus seen to be a very narrow one. A judgment or decree of adjudication is in its general aspects to be viewed as is any other judgment of a court. As affecting the parties of whom the court has jurisdiction, it is conclusive upon all such parties and their privies. As affecting its subject-matter it may also be conclusive, in the sense of not being open to collateral attack, and yet be open to direct attack. It also may not be conclusive, either directly or collaterally, either as affecting persons or as affecting the subject-matter, if for any reason the judgment as entered is a void judgment. The .latter thought in legal intendment is the equiva⸗ lent of a ·denial of the existence of the· judgment because in a void nothing exists. This introduces the distinction between judgments which are voidable and those which are void, and the dividing line may be that it is valid for some purpose or as against some personś, and voidable only by other persons or under other circumstances. The provision of the statute does not lay itself open to a denial of the thought that creditors are given an absolute right to intervene at any time within the statutory period. As against those who are parties,· or who have sooner appeared, the court may proceed to judgment whenever the record is otherwise ripe for judgment. This is recognized' in Electric Co. v. Ætna Co., 206 Fed. 885, 124 C. C. A. 545, which rules the general proposition that the right of the creditor to intervene is an absolute right, and' that any order of adjudication entered before the time limit expires is voidable at the instance of such creditors.

The bearing of the ruling upon the secondary and narrower question will appear from the facts of the case ruled. The ground of bankruptcy averred was that of unlawful preference. The issuance and service of a subpœna was waived, and a confessing answer, with an express consent to an adjudication, was filed by the alleged bankrupt. The waiver and answer referred to was signed by an attorney for the alleged bankrupt. Subsequent to the entry of the adjudication an answer was filed on behalf of the alleged bankrupt, signed on its behalf by its president, denying the act of bankruptcy and demanding a jury trial. Subsequently to this creditors filed· a petition asking that the order of adjudication be vacated and set aside. This petition

among other things denied the authority of the attorney who had assumed to act for the alleged bankrupt. A like petition was also filed on behalf of the alleged bankrupt itself, through its president. There were no answers filed in these vacating proceedings, and no pleadings of any kind bearing thereon. The District Court proceeded, however, to act upon the motions made, not through and by determining the truth of the facts set forth in the petition in bankruptcy, but through and by determining the truth of the averments of fact in the petitions accompanying the motion to vacate. The motion was denied. On appeal from and petition to revise this latter order the Circuit Court of Appeals ruled that they could not consider the evidence in the record, but would determine whether as a matter of law on the face of the papers filed, creditors had a right to come in to defend. It accordingly ruled that the adjudication ought not to have been made until after the expiration of the five days allowed to creditors. This was true, notwithstanding the voluntary appearance and acquiescence of the alleged bankrupt in the adjudication. The court expressly refused to rule that such a premature adjudication was void as to an alleged bankrupt thus consenting, and limited its ruling to the proposition that the adjudication was voidable by the creditors adversely affected by it. The court thereupon entered an order that the decree of the District Court denying the motion to set aside the judgment or adjudication be itself vacated and set aside, and further ordered that the adjudication be vacated and set aside "as to the petitioning creditors."

[3] This case arose in the Eighth circuit, but as there does not appear to have been any conflicting ruling in this circuit upon the question, the ruling made is a controlling guide to the course which should now be followed. What should now be done is made definitely clear by this ruling, but there are some features in that case which are not here present. One of them is that there no subpœna had issued, and in consequence no return had been fixed, and in further consequence no five days' limitation of time was marked. The court there held that in lieu of the five days creditors had a reasonable time within which to intervene, and, after finding that they had applied within a reasonable time, ruled they should have been accorded the right to defend. The court further found that their right to come in was an absolute one, and their right to defend as against the petition in bankruptcy was likewise absolute, and that they should not have been forced to maintain the truth of the averments of their petition. It is true that a reference is made to the fact of the demand of the alleged bankrupt for a jury trial, but we do not understand this to have qualified the ruling made, but merely to bring the then case before the court within the a fortiori class.

[4] This ruling calls for a like ruling here, but it does not in terms dispose of the subsidiary question raised. This latter question is based upon the cui bono doctrine. If the facts which the intervening creditors are to assert in an answer to be filed would not make of the answer a real answer, what good or sensible purpose could be served by permitting them to go through the form of filing an answer, which was no answer at all. It is a prevalent thought that the fact of insolvency

is an essential element in every bankruptcy proceeding, and where it is not present the debtor is not the proper subject of adjudication as a bankrupt. This thought is supported by several phrases employed in the act, and while it holds good with respect to some of the grounds of adjudication, by the express language of the statute, it has been dispelled as to other grounds. West v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, is a sufficient citation to support this general proposition and even this is unnecessary, because we have an authoritative ruling of the court of this district that, where the ground of bankruptcy is the written admission, etc., of the alleged bankrupt, the question of insolvency is not in issue. It was therefore ruled in Northampton Portland Cement Company (D. C.) 179 Fed. 726, that an answer to a petition in bankruptcy averring such admission was not sufficient to halt adjudication, when it set up simply a denial of insolvency.

If the fact were present in this case that the only answer which was proposed to be or which could be set up to defend against a decree of adjudication was the fact of solvency, we would have presented the extremely narrow and technical right of a creditor to file an answer which on its face was no answer. We are unable, however, to make this finding, because the function of the averment in the petition as to insolvency was not to serve as an answer to the petition in bankruptcy, but to show a substantial, as well as technical, right of creditors to intervene. Creditors were not bound to show facts which would constitute a good answer, nor can we assume that they attempted so to do. All they were bound to do, and all, as we read the petition accompanying their motion, they sought to do, was to set forth those facts upon which was grounded their right to intervene and to file an answer.

In conclusion, we feel bound, or at least feel that the wiser course would be, to follow the ruling in the case in 206 Fed. 885, 124 C. C. A. 545, although it is not entirely clear as to what all the legal effects and consequences of such a qualified order may be. These effects and consequences may be left for their determination to the time at which, if at all, they arise. The order now made, therefore, is that petitioning creditors be allowed to come in and defend as against the involuntary petition of Blake Brothers & Company et al., filed in this case, and that the order of adjudication entered be and hereby is vacated and set aside as to such intervening creditors.

Since the filing of the petition on which this motion was based, the petition of other creditors to intervene has been filed. Leave to so intervene is allowed generally to all creditors who have applied or desire to apply for such leave. The motion which was made at bar for the appointment of a receiver is not now acted upon. It was impossible to dispose of it when the motion was made, because the decree of adjudication was then in force, and, if it remained in force (and perhaps also to the extent to which it does remain in force), the application for a receiver is properly made to the referee. In cases in which there is no adjudication, the application for obvious reasons is properly made to the court. We dispose of the motion for present purposes to this extent. We allow leave to withdraw the application for a receiver, with further leave, or if any application has already been made to the ref-

eree, to reapply to him, or to reapply to this court, for the appointment of a receiver, as counsel may elect, so that the status of the case, as affected by this decree, and to whom such application is properly made, may be determined. We decline to determine it now, for the reason that the parties have had no opportunity to be heard upon this branch of the case.

A formal order to vacate and to set aside the adjudication, as above indicated, may be entered.