### ALBERS COMMISSION CO. v. RICHTER et al.

(Circuit Court of Appeals, Eighth Circuit. July 24, 1918.)

No. 5056.

1. BANKRUPTCY ⬤⟊95—RIGHT TO TRIAL.

Where the petitioning creditors alleged 11 acts of bankruptcy, among which was that the debtor admitted in writing his inability to pay, and one creditor denied such acts, demanding trial, and bankrupt later withdrew his denial of such acts, and his admission of inability to pay his debts was filed, the answering creditor had the right to a full and fair trial of every issue material to the adjudication of bankruptcy.

2. BANKRUPTCY ⬤⟊95—RIGHT TO TRIAL—MATERIAL ISSUES.

The issue whether, as alleged, bankrupt had made admission in writing of his inability to pay his debts and his willingness to be adjudged a bankrupt, was a material one, as to which a contesting creditor had right to trial.

3. BANKRUPTCY ⬤⟊91(1)—BURDEN OF PROOF.

Creditors, alleging that debtor has admitted in writing his inability to pay his debts and willingness to be adjudged a bankrupt, have the burden of proving such allegation.

4. BANKRUPTCY ⬤⟊95—RIGHT TO TRIAL—CREDITORS.

Rule that, where alleged bankrupt admits in writing his inability to pay his debts and his willingness to be adjudged bankrupt, mere nonexistence of insolvency on filing petition is not a defense to claim for adjudication, under Bankr. Act, § 3a, cl. 5, does not prevent contesting creditor from raising issue whether bankrupt ever made such an admission.

Appeal from the District Court of the United States for the District of Nebraska; J. W. Woodrough, Judge.

Proceeding in the matter of William R. Richter, a bankrupt, wherein the Albers Commission Company, a creditor, appeals from adjudication of bankruptcy. Order of adjudication reversed, and cause remanded.

James C. Kinsler, of Omaha, Neb., for appellant.

Smith & Schall and Brogan & Ellick, all of Omaha, Neb., for appellees.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

---

SANBORN, Circuit Judge. The Albers Commission Company, a corporation, and a creditor of William R. Richter, has appealed from an adjudication of Richter, a bankrupt, rendered on October 1, 1917, upon the ground that the court below denied it a trial of material issues pending under the pleadings between it and the petitioning creditors at the time of the adjudication. At that time the petitioning creditors had alleged in their original petition for the adjudication and in the amendments thereto 11 acts of bankruptcy committed by Richter, one of which was that he had admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt. The Albers Company had answered the original petition and the amendments, and had denied all the alleged acts of bankruptcy and the insolvency of Richter, which was alleged by the petitioners, and had stood upon its answer and demanded a trial of the issues between itself and the petitioning creditors. Richter, on September 12, 1917, had answered, and had denied all the acts of bankruptcy alleged in the original petition. On September 29, 1917, there was filed with the clerk of the court, but there is no evidence that it was ever offered in evidence, a written admission that Richter was unable to pay his debts and was willing to be adjudged a bankrupt, which on its face purported to be signed by him, dated August 23, 1917, about 20 days before the filing of his verified answer, by which he denied the acts of bankruptcy that had then been alleged, and averred that he should not be declared a bankrupt, and demanded a jury trial. On the same day, September 29, 1917, his attorneys, by leave of court, withdrew his answer. This was the status of the case and of the issues when the adjudication was made.

[1-3] There is no doubt that under these pleadings the Albers Company had the right to a full and fair trial of every issue between it and the petitioning creditors that was material to the adjudication of Richter, a bankrupt. In re L. Humbert Co. (D. C.) 100 Fed. 439, 440; B-R Electric & Tel. Co. v. Ætna Life Ins. Co., 206 Fed. 885, 889, 124 C. C. A. 545. Nor is there any doubt that the issue whether or not Richter had made the admission in writing of his inability to pay his debts and of his willingness to be adjudged a bankrupt was a material issue, nor that the burden of proving that Richter made such an admission was upon the petitioners who alleged it. The fact that Richter withdrew his answer, and thereby silently admitted the averment on this subject, did not deprive the contesting creditor of its right to a trial of that issue between itself and the petitioners according to the established practice and rules governing such trials.

[4] Counsel for the petitioners cite the conceded rule that, where an alleged bankrupt admits in writing his inability to pay his debts and his willingness to be adjudged a bankrupt, the mere nonexistence of insolvency at the time of the filing of the petition is not a defense to the claim for an adjudication. Section 3a, cl. 5, Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 546, 9 U. S. Comp. Stat. 1916, § 9587); In re C. Moench & Sons Co., 130 Fed. 685, 687, 66 C. C. A. 37; In re Duplex Radiator Co. (D. C.) 142 Fed. 906; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. But this rule

does not deprive the contesting creditor of its right to raise the issue whether or not the alleged bankrupt ever made such an admission, and to stay the attempted adjudication upon that ground until the petitioners fairly bear the burden of proving that he did.

Counsel for the contesting creditor avers that the court below held, over his objection, that the burden was on it to prove its defense in the first instance, that there was no burden on the petitioners to make any proof of the alleged admission, and that it made the adjudication on the pleadings, without any trial of the issue whether or not Richter made the written admission filed with the clerk. On the other hand, counsel for the petitioners assert that there was a trial, that evidence was received and considered, and that the court found that Richter made the admission, and that on that ground it rendered the adjudication. The record is spare and unsatisfactory; it contains no evidence, no statement that any witnesses were sworn or examined, or any evidence offered, nothing but the pleadings and orders of court and the adjudication. That order recites that, the petition and the answer of the Albers Company having been duly heard and considered, Richter's answer having been withdrawn, and it appearing that Richter on August 23, 1917, admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground, the court asked one of the counsel for the Albers Company what he would prove to sustain the issues on his part, and he replied that he considered the burden to be on the petitioning creditors, and thereupon the court declared that it held to the contrary, and again inquired what he would prove in defense, and he answered the solvency of the alleged bankrupt, and the court declined to hear such testimony and rendered the adjudication.

The assignment of errors was filed in this case on October 9, 1917, 20 days before the record was certified by the clerk. That assignment gave notice to counsel for the petitioners that the Albers Company claimed that there was error in the action of the court, in that it did not permit a trial, and in that it ruled that the burden was not upon the petitioners to prove the averments of their petition, and yet, so far as the record discloses, they never made any endeavor to get into the record any evidence that any testimony was taken, or that there was a trial of the issue that has been considered in this opinion. After a careful consideration of the order of adjudication and the recitals therein, in the light of the fact that there is no reference anywhere in the record to the introduction of any testimony or the examination of any witnesses, this court is unable to resist the conclusion that the court below fell into the error of making the adjudication without any trial of the issue whether or not Richter made the alleged admission of August 23, 1917, by reason of a ruling which it made that the burden was not on the petitioners to make any proof upon this subject, and in view of this fact the order of adjudication must be reversed, with costs against the appellees, and the case must be remanded to the court below for further proceedings in accordance with the views expressed in this opinion; and it is so ordered.